SALSBURG v. BLACKFORD (two cases).

(Circuit Court of Appeals, Fourth Circuit. February 10, 1913.)

Nos. 1,069, 1,104.

1. BANKRUPTCY (§ 439*)—REVIEW—PROCEEDINGS—APPEAL—PETITION TO SUPERINTEND AND REVISE.

The remedies by appeal and by petition to superintend and revise, provided for review in bankruptcy, are not cumulative, but mutually exclusive.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*]

2. BANKRUPTCY (§ 288*)—OWNERSHIP OF PROPERTY—PLENARY PROCEEDINGS—WAIVER.

Where, in a suit by a bankrupt's receiver to recover goods alleged to have been fraudulently conveyed, a trustee acquired and maintained possession, and after the trial judge had upheld a decision of the referee that the receiver's possession had been properly obtained, and that the title to the goods could rightfully be determined in summary proceedings, the transferee participated in the trial of the issue, and costs and expenses were incurred which the trustee had no assets to pay, apart from the proceeds of the goods in dispute, the transferee's right, if any, to have the issue determined in a plenary proceeding, was waived.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 467*)—APPEAL—REVIEW—FINDINGS OF REFEREE.

Findings of a referee in bankruptcy, affirmed by the trial judge, will not be set aside on appeal, unless it is clear that justice requires a different conclusion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from and Petition for Revision of Proceedings of the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

In the matter of bankruptcy proceedings of Herman Schoenfield, bankrupt. Heard on appeal and on petition by Jacob Salsburg to superintend and revise in matter of law proceedings denying his right to certain property of the bankrupt claimed by the trustee and found by the court to have been fraudulently transferred (190 Fed. 53). Affirmed.

Charles H. Sachs, of Pittsburgh, Pa., A. J. Montague and R. L. Montague, both of Richmond, Va., and J. B. Handlan, of Wheeling, W. Va., for petitioner and appellant.

J. W. Ritz, of Wheeling, W. Va., for respondent and appellee.

Before PRITCHARD, Circuit Judge, and WADDILL and ROSE, District Judges.

PER CURIAM. [1] This case is brought here by petition to revise and by appeal. At the hearing at this bar the counsel for the petitioner and appellant admitted that these remedies were not cumulative, but were mutually exclusive. They elected to stand upon the appeal. The petition to revise in No. 1,069 must therefore be dismissed.

[2] The findings of the referee, and the learned court below, are fully set forth in Re Schoenfield (D. C.) 190 Fed. 53. The evidence in the record abundantly sustains the findings that the goods taken possession of by the bankrupt's receiver were part of the bankrupt's estate, and liable for the payment of the bankrupt's debts. Appellant most strenuously insists that he was in possession of the goods, and that he claimed title in them adverse both to the bankrupt and the receiver and trustee, and that he could not properly be deprived of the possession, except as a result of plenary proceedings against him. In point of fact, the receiver actually obtained possession at the very inception of the controversy. They remained in his possession and that of the trustee until they were sold by order of the court and with the consent of all parties. Since then the trustee has held the proceeds. Before any considerable expense had been incurred, the learned judge below upheld the decision of the referee that the receiver's possession had been properly obtained, and that consequently title to the goods could rightly be determined in summary proceedings. Almost all of the enormous expense in the case has been since incurred. Had the validity or propriety of that order been then brought before us, the situation would have been very different from that with which we are now confronted. If, on the record as it at that time stood, we had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been of opinion that the appellant was entitled to have the controversy between himself and the trustee fought out in plenary proceedings, no one would have been greatly the sufferer. Since then much has happened. There have been incurred costs and expenses which are both relatively and absolutely large. Outside of the proceeds of the goods in dispute, there are no assets in the hands of the trustee out of which a judgment for costs could be made. The appellant has himself testified fully in support of his claim. He has put a number of witnesses upon the stand. It is almost inconceivable that any tribunal in any form of proceeding could, with the evidence before it which is to be found in this record, reach any other conclusion than that the merchandise which was taken possession of by the receiver was in fact the property of the bankrupt, and that the transfer of it to the appellant was fraudulent, to the knowledge of all the parties to such transfer.

[3] The referee and the learned judge were both of the opinion that the receiver was properly in possession of the goods and so found. When they agree, their conclusions are accepted by this court, unless it is clear that justice requires us to reach a different conclusion. In this case we do not find ourselves under such compulsion.

The decree in No. 1,104 will therefore be affirmed.