## In re BRANTMAN.

(Circuit Court of Appeals, Second Circuit. July 6, 1917.)

No. 231.

1. CORPORATIONS ⊚⇒152—DIVIDENDS—RIGHT OF ACTION.
    Ordinarily, a stockholder cannot maintain an action for a dividend not declared, but if directors unreasonably and wrongfully refuse or neglect to declare dividends when there are surplus profits out of which it may be declared and there is no good reason for their failure, a stockholder may, by bill in equity, compel declaration of a dividend.
2. CORPORATIONS ⊚⇒152—DIRECTORS—DIVIDENDS.
    Courts will not undertake to control directors in the exercise of their discretion as to declaration of dividends, unless they act fraudulently, oppressively, or unreasonably.
3. BANKRUPTCY ⊚⇒279—TRUSTEE—RIGHTS OF.
    The trustee of a bankrupt succeeds to the bankrupt's title to corporate stock and has the bankrupt's rights and remedies as respect dividends which have been declared, or which ought to have been declared, and so where corporate directors, to protect a bankrupt, failed to declare dividends, the trustee may maintain a suit to compel declaration of dividend.
4. BANKRUPTCY ⊚⇒288(1)—REVIEW—WAIVER.
    Where the right of trustee in bankruptcy to proceed summarily against a corporation was not questioned in the trial court, any right of the corporation to demand that it should have been proceeded against by plenary suit was waived.
5. BANKRUPTCY ⊚⇒288(1)—SUMMARY PROCEEDINGS—RIGHT OF BANKRUPT TO OBJECT.
    A bankrupt by filing his petition submits his estate for administration in the court of bankruptcy, and cannot object that the court proceeds summarily to determine his rights.
6. BANKRUPTCY ⊚⇒305—PROCEEDINGS—PROFIT.
    In a summary proceeding by a trustee to compel the corporation which it was alleged, to fraudulently protect the bankrupt, withheld declaration of dividends to declare such dividends so that they would pass to the trustee, it is improper to direct an accounting, but an investigation as to profits applicable to dividends should be ordered.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the bankruptcy of Jacob Brantman. Schoonmaker Bros. & Brantman, Incorporated, and Jacob Brantman petition to revise an order of the District Court. Modified.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This cause comes here on petition to review an order of the United States District Court for the Eastern District of New York, entered on January 1, 1917.

The petitioner Brantman was adjudicated a bankrupt on May 17, 1916, upon a voluntary petition in bankruptcy. He was at the time of this adjudication an officer and director of Schoonmaker Bros. & Brantman, Incorporated, a corporation organized under the laws of the state of New York, and was at that time the owner of one share of stock of the par value $100 in said corporation.

The petitioner Brantman scheduled this share of stock as an asset, and upon appointment of a trustee surrendered the share to the trustee. And at the hearing Brantman testified that in addition to his salary for services rendered he was entitled to one-third of the dividends when declared by the corporation. It appears that the corporation has never declared any dividends either before or since the adjudication of bankruptcy.

On November 17, 1916, the trustee in bankruptcy moved the court for an order directing the petitioners to pay to the trustee the sum of $2,000 representing one-third of the alleged profits earned by the petitioner Schoonmaker Bros. & Brantman, Inc.

The petitioners opposed the application on the ground that the court had no jurisdiction to determine in a summary manner the questions involved, and upon the further ground that Schoonmaker Bros. & Brantman, Incorporated had not earned the sum of $6,000 or any other sum whatsoever in profits from the time of its incorporation to the date of the adjudication in bankruptcy. And on January 1, 1917, the District Judge made an order directing the petitioners to turn over to the trustee one-third of any sum which might be shown to have been earned by Schoonmaker Bros. & Brantman, Incorporated, and referring the proceeding to a special master to examine, take testimony and report as to the amount due.

H. & J. J. Lesser, of New York City, for petitioner bankrupt.

Thomas P. Hall, of New York City, for petitioner Schoonmaker Bros. & Brantman, Incorporated.

S. C. Duberstein and Leo Oppenheimer, both of New York City, for trustee Castellano.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above).    It appears that prior to the filing of the petition in bankruptcy Jacob Brantman, the bankrupt, and Grant P. Schoonmaker and Clifford Schoonmaker were employed by William Alsberg & Co.    The bankrupt occupied the position of merchandise man and assistant buyer, and was receiving a salary of $60 a week.    About November 1, 1915, the bankrupt and the two Schoonmakers agreed to end their connection with William Alsberg & Co., and to go into business together in the buying and selling of tailors' trimmings.    They accordingly on November 12, 1915, organized a corporation known as Schoonmaker Bros. & Brantman, Incorporated.    It is alleged that in pursuance of their agreement the bankrupt was given a salary of $40 a week, it being agreed that he was also to receive one-third of the profits of the business, the remaining two-thirds to be divided equally between the two Schoonmakers.

It appears too that at the time of the organization of this corporation a Miss Lipman had an action pending and undetermined against the bankrupt in the Supreme Court of New York, for a breach of promise to marry, which action resulted in a judgment for the sum

of $1,881.62. That judgment remains wholly unpaid. It is the only claim scheduled in the bankrupt's schedules, and the purpose of the filing of the petition in bankruptcy is to discharge that liability.

The District Judge entered an order which reads as follows:

"Ordered and adjudged that Jacob Brantman, the bankrupt herein, and the said corporation of Schoonmaker Bros. & Brantman, Incorporated, are legally responsible to the creditors of said bankrupt, and will be directed to turn over to the trustee herein one-third of that sum which may be shown to have been payable as dividends prior to the adjudication of the bankrupt, and which may hereafter be declared, or which is held as undeclared dividends earned prior to adjudication by Schoonmaker Bros. & Brantman, Incorporated, or such amount as may be shown to have been concealed from creditors of the said bankrupt, by willful and intentional neglect to declare dividends, by an intentional use of the money belonging to such dividends for other purposes, in order to aid said bankrupt in concealing same from the trustee herein. And it is further ordered that the issue as to the amount due as aforesaid be and the same hereby is referred to Eugene F. O'Connor, Jr., Esq., as special commissioner, to examine, take testimony, and report."

The trustee of the bankrupt seeks to reach whatever profits the bankrupt is entitled to in the corporation in which he holds one-third of the stock. If this corporation has made a profit of $6,000 as is alleged, and the bankrupt is entitled, as is also alleged, to $2,000, his creditors must be able to obtain the benefit of it, and they cannot be deprived of it by any failure of the directors to declare a dividend. Such a method of concealing or covering up property as these parties are alleged to have adopted cannot succeed.

[1] The directors have not declared a dividend it is true, and the general rule is well established that a stockholder cannot maintain an action for a dividend not declared. It is nevertheless true that if directors unreasonably and wrongfully refuse or neglect to declare a dividend when there are surplus profits out of which it may be declared, and there is no good reason for their failure to do so, a stockholder can file a bill in a court of equity to compel the directors to declare and pay it. Pratt v. Pratt, Read & Co., 33 Conn. 446; Beers v. Bridgeport Spring Co., 42 Conn. 17.

[2] It is also true that the courts do not undertake to control directors in the exercise of their discretion in such cases unless they act fraudulently, oppressively, or unreasonably. New York, L. E. & W. R. Co. v. Nickals, 119 U. S. 296;* Williams v. Western Union Tel. Co., 93 N. Y. 162, 192; Burden v. Burden, 159 N. Y. 287, 54 N. E. 17; Stevens v. U. S. Steel Corporation, 68 N. J. Eq. 373, 59 Atl. 905. And in the instant case the claim is that the directors are acting in collusion with the bankrupt, and therefore fraudulently, in withholding a division of the profits.

[3] The trustee of a bankrupt of course succeeds to the bankrupt's title to the stock and has the bankrupt's rights and remedies as respects dividends which have been declared or which ought to have been declared.

[4] So that if the directors of the corporation of Schoonmaker Bros. & Brantman, Incorporated, are fraudulently withholding the declaration of a dividend the trustee must be entitled to invoke the power of the court to compel the declaration of it. The bankrupt's interest

*7 Sup. Ct. 209, 30 L. Ed. 363.

in the undivided profits of this corporation is in equity his property and capable of being reached by his trustee. In this case it can be reached by summary proceedings, as the only question raised is as to whether there are any profits, and if any there be, the amount thereof that is reasonably applicable to dividends. The corporation, which has been made a party defendant, not having raised in the court below any question as to the jurisdiction of that court to dispose of the matter in a summary proceeding, its attempt to raise the question in this court comes too late. For its right to have the matter adjudicated in a plenary action is one which it can waive and did waive by failing to raise it in the trial court.

[5] The bankrupt made objections in the court below as to the right to proceed summarily against him. But he was in no position to raise such a question even in the court below. The bankrupt cannot question the court's jurisdiction to act summarily against him, for by filing his petition in bankruptcy he submitted his estate for administration to the court and established its jurisdiction to direct him summarily to turn over all property of every kind, nature, and description to his trustee in bankruptcy, as the trustee takes by operation of law the title to all his property.

[6] While the court below was right in thinking that the trustee is entitled to reach the property to which the bankrupt is equitably entitled in the undivided profits of the corporation, the form of the order is open to a slight objection, in that it practically decrees an accounting. The order should be modified so as to direct an investigation as to the profits of the company reasonably applicable to dividends. Property so discovered will be subject to the summary order of the court, under the circumstances of this case.

The decree so modified is affirmed.