## In re BRADLEY.

### Petition of TODD.

(Circuit Court of Appeals, Second Circuit. November 10, 1920.)

#### No. 25

1. **Bankruptcy ⬤═467—Strong presumption sustains findings of referee concurred in by court.**

   Where the District Court and the referee agree, their conclusion as to facts will be accepted by the Circuit Court of Appeals, unless justice requires a different conclusion.

2. **Bankruptcy ⬤═267—Mortgage to minor children held valid.**

   In proceeding to determine right to proceeds of property sold free from lien of mortgages to bankrupt's daughters, findings of a referee, concurred in by the District Court, that the mortgage was valid as securing funds of the daughters, for which he had been trustee for more than 10 years, *held* sustained by the evidence.

Petition to Revise Order of the District Court of the United States for the District of Connecticut.

In the matter of Walter H. Bradley, bankrupt. James E. Todd, trustee, appeals from, and also petition to revise, order of District Court. Petition dismissed. Affirmed on appeal.

For opinion below, see 263 Fed. 446.

Stoddard, Goodhart & Stoddard and Bristol & White, all of New Haven, Conn. (Robert C. Stoddard and Frederick H. Wiggin, both of New Haven, Conn., of counsel), for appellant.

Slade, Slade & Slade, of New York City, and Harry W. Asher, of New Haven, Conn. (Benjamin Slade, of New York City, of counsel), for respondents.

Before WARD, ROGERS and MANTON, Circuit Judges.

MANTON, Circuit Judge. Appellant seeks to review the result below by a petition to revise, as well as an appeal. We are of the opinion that his proper procedure is by an appeal, and the petition to revise is therefore dismissed.

[1, 2] Walter H. Bradley was adjudicated a bankrupt on November 1, 1915, on a voluntary petition. He filed his schedules in bankruptcy and, under Schedule B, described as "Location and description of all real estate owned by the debtor or held by him," he described two pieces of property, giving the value of one as $20,000, with incumbrances thereon of $10,000 to Esther and Helen Bradley, and valued a second piece at $25,000, with incumbrances thereon of $10,000 to Barbara Ploegar and a $30,000 mortgage to Helen T. Bradley.

These second mortgages on each of the parcels named his minor daughters as mortgagees. They were aged, respectively, 12 and 17 years. On a petition of the trustee and on an order of the referee, the two pieces of property were sold free of the mortgages to the minor children of the bankrupt, and netted in proceeds above the first mortgages $20,050, and this sum is now in the hands of the trustee. The

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question presented on this appeal is: To whom does this $20,050 belong? The trustee claims that the mortgages were placed upon the property to hinder, delay, and defraud the creditors of the bankrupt; the guardian appointed by the court contends that this surplus money belongs to the minor children of the bankrupt in satisfaction of their second mortgages.

The District Court has confirmed the determination of the referee in bankruptcy, holding that the mortgages were valid, and were not made to hinder, delay, or defraud the creditors, and that the surplus money properly belongs to the minor children in satisfaction of their mortgages. There are facts in this record which justify the findings below.

It appears that the bankrupt, for more than 10 years prior to the adjudication in bankruptcy, was trustee of his minor children's estate; that is, Esther A. and Helen T. Bradley. He bought and sold various properties and made investments of their funds. At the time of the purchase of the real estate in question, on which the two mortgages were placed, the bankrupt requested the deeds to be made in his name as trustee for the children; but upon legal advice, which he sought, the title of the property was taken in his individual name, and mortgages were executed to the children for an amount sufficient to cover the purchase price and cost of contemplated improvements of the property. The property in question was thus purchased with funds belonging to the children. It appears that in 1902 Mrs. Bradley, the wife of the bankrupt, with her own money, purchased a one-half interest in a hotel located at Ithaca, N. Y. This one-half interest she conveyed to her husband, as trustee, for her children under a trust agreement, in writing, which was dated March 11, 1902, and duly recorded in the county where the hotel property was located.

Between 1890 and 1907, the evidence indicates that the bankrupt lost a large sum of money in a business enterprise. Since 1907 he has had no property. The one-half interest in the hotel, covered by the trust agreement, netted a return of $3,500 per year. This was sold in 1913 for $40,000. Investments were then made in stocks and a large profit realized, and the fund in question grew to $100,000. It also appears that the bankrupt handled property belonging to the children in the capacity of a guardian, which came from their grandmother, and which was given to them during her lifetime. This he invested in real estate and stocks. The bankrupt, as such trustee and guardian, from time to time, collected the income and profits belonging to this trust estate and the guardian estate, and at times made other investments for them. He states that one of the reasons the real property in question was purchased was that, after advice and co-operation of his wife, it was agreed to purchase it for the purpose of starting one of the children in a musical studio with her teacher. For this purpose, a loan of $8,000 was obtained from a bank at Meridan and borrowed in his capacity as guardian, for which he gave the bank collateral security belonging to his wards.

Between January and February, 1915, the bankrupt, as trustee, received $20,000 due to his cestui que trusts, on a promissory note dated

July 1, 1909, and this for moneys due the bankrupt's children, loaned by them to the Bergen Company. And on January 1, 1915, the bankrupt, as trustee, received from the Bergen Company a check for $2,900 in part payment of moneys due from the Bergen Company to his children. On May 7, 1915, as trustee, he received from the Bergen Company a check for $4,000. It appears' that these funds were used for the purchase price of the property in question. He paid $7,000 for the College street 'property and for the other property $11,000. He had procured toward the purchase price the additional sum, which was to be used for contemplated improvements on the property, part of which improvements were made prior to the bankruptcy. The referee has found that these funds, used in the purchase of the property, belong to the children. The District Court approved that finding. This record reveals a desire, abundantly proved, on the part of the bankrupt and his wife, to preserve this money for the benefit of their children, and the taking of the title in the way it was taken was pursuant to the advice of counsel. Where both the District Court and the referee agree, their conclusions will be accepted by the Circuit Court of Appeals, unless justice requires a different conclusion. Salsbury v. Blackford, 204 Fed. 438, 122 C. C. A. 624, 29 Am. Bankr. R. 320; In re Lawrence, 134 Fed. 843, 13 Am. Bankr. R. 798; Poff v. Adams, 226 Fed. 187, 141 C. C. A. 185, 35 Am. Bankr. R. 307.

It is further contended that the amount of the mortgages on the two pieces of property amounting to $40,000, was so much in excess of the purchase that it is an indication of fraud. The evidence disclosed, however, that at the time of purchase the bankrupt intended to improve the property. Even though the mortgage did not state the exact transaction as to future indebtedness, it recites a present indebtedness. It is clear here that the bankrupt did owe his daughters funds to the extent of $20,000. He was justified, if such was the fact, to give the mortgages for the amount owed as trustee. The past consideration was for this amount, and was sufficient. It was given four months before the filing of the petition, and is not a fraud as against creditors.

The decree below is affirmed.