## In re ROCKFORD PRODUCE & SALES CO.

### HARDEN v. PETRITZ.

(Circuit Court of Appeals, Seventh Circuit. August 19, 1921. Rehearing Denied October 6, 1921.)

No. 2810.

1. Bankruptcy ⊙═293(2)—Federal court held to have jurisdiction to try issue of preference.

Under the amendment of Bankruptcy Act of June 25, 1910, the federal court had jurisdiction to try the issues on a petition by a trustee in bankruptcy, charging payments by the bankrupt constituted preference, and requesting an order requiring the creditor to show cause why the money should not be turned over to the trustee.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ☞287(1)—Creditor charged with preference held entitled to plenary trial.**

A creditor charged by bankrupt's trustee with receiving preference is entitled to a plenary suit, if objection be timely made.

**3. Bankruptcy ☞287(1)—Trial on trustee's petition to recover preference held not a summary proceeding; "summary proceeding."**

While a summary proceeding ordinarily implies one begun without summons or subpœna, usually tried on affidavits and on short notice or determined even as an ex parte matter, a proceeding by a trustee in bankruptcy to recover alleged preference from a creditor, begun by petition and rule of court, but treated as a suit in equity, with a reply in every way meeting requirements of an answer, and amendment permitted as to an answer, with the cause set for trial and heard in open court as a suit in equity, to which both parties presented testimony and had cross-examination, *held* plenary, rather than a "summary proceeding."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Summary Proceeding.]

**4. Bankruptcy ☞288(1)—Creditor held to have consented to trial as to preference on petition and rule.**

A creditor of a bankrupt, who, on being charged by petition and rule at the instance of the trustee with having received a preference, by answering, amending, and proceeding to trial as on a suit in equity, could not object that such proceeding could not be heard on petition and rule.

Appeal from the District Court of the United States for the Western Division of the Northern District of Illinois.

In the matter of the Rockford Produce & Sales Company, bankrupt. Petition by John G. Petritz, trustee, charging preference, and from a decree on a rule to show cause, Frank B. Harden appeals. Affirmed.

C. H. Linscott, of Rockford, Ill., for appellant.
Thomas E. Gill, of Rockford, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellee filed a petition charging payment of various sums of money by bankrupt to appellant, as a preference, and obtained an order requiring appellant to show cause why this money should not be turned over to the trustee. Appellant answered fully, and upon his application leave was granted to file an amended answer. He denied the facts constituting a preference, asserted his right to hold the money, and prayed the court to "dismiss the petition filed by the trustee in this cause, for the reason that said moneys in fact and in law belong to this respondent." A trial thereafter occurred, the testimony being heard in open court, at the conclusion of which the court found for appellee.

[1] Two questions are presented: (a) Did the court have jurisdiction to try the cause? (b) Do the facts support the decree?

The recent decision of the Supreme Court, Weidhorn v. Levy, 253 U. S. 268, 40 Sup. Ct. 534, 64 L. Ed. 898, has set at rest some of the questions which have apparently vexed counsel. If doubt otherwise existed as to the effect of the amendment to the Bankruptcy Act of June 25, 1910 (36 Stat. 838), it is removed by this decision. It is there said:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"By Act June 25, 1910, c. 412, § 7, 36 Stat. 838, 840, section 23b was further amended, so as to confer jurisdiction upon the courts of bankruptcy without consent of the proposed defendant in suits for the recovery of property under section 70e. The present suit, being of this nature, might have been brought in the District Court, or it might have been brought in a state court having concurrent jurisdiction under section 70e as amended."

[2] But appellant urges that his rights could only be determined in a plenary suit, and, having been denied such a trial, the decree must be reversed. That a plenary suit, if objection be timely made, is necessary to determine controversies of this character, must be conceded. Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Weidhorn v. Levy, 253 U. S. 268, 272, 40 Sup. Ct. 534, 64 L. Ed. 898. But were appellant's rights not litigated in a plenary suit? May not consent be given to dispose of such a controversy in a summary proceeding? The answers to these questions are determinative of the appeal.

At no time was objection made to a disposition of the suit in the manner pursued by the court. In fact, appellant encouraged the proceedings. When brought into court upon appellee's petition and the court's order, instead of objecting to the forum or to the method of procedure, he asked the court in the very proceeding to litigate and determine his right to retain the money by him received from the bankrupt. Not only did be answer the petition fully, but he amended his answer, and again reiterated his demand for a decree in his favor on the only controverted issue presented.

Were appellant's rights determined in a summary proceeding? This query may require an affirmative answer, if determined solely by the manner in which the proceedings were instituted; in the negative, if determined by the course followed after joinder of issue.

A "proceeding" is a generic term. 24 Standard Enc. of Procedure, 320. In its commonly accepted meaning it is comprehensive and inclusive. A summary proceeding ordinarily implies one begun without summons or subpœna, and is usually tried upon affidavits and upon short notice, or determined even as an ex parte matter. Statutes specifically authorize it in certain matters, and prescribe the necessary procedure. Provision is frequently made for it in the statutes of the several states, when dealing with contempt, temporary injunctions, etc.

[3] The proceedings here under review, while begun by a petition and rule of court, were from their commencement treated as a suit in equity. The petition was the bill in equity. The reply was designated, and in every way met the requirements, of an answer. It was amended; the course followed being such as would have been pursued, had the pleader wished to amend an answer. The cause was set down for trial in its order, and when reached was heard in open court, and in the same manner as a suit in equity; that is to say, petitioner presented his witnesses who were cross-examined by the opposing party or his counsel, and, when the affirmative rested, the defendant presented his testimony. Whether this proceeding was summary or plenary, it is evident that appellant secured a full hearing on an issue over which he and the trustee were in controversy, and the determination was made at appellant's as much as at appellee's re-

quest. Under the circumstances we think the record discloses a plenary, rather than a summary, proceeding. In re Raphael, 192 Fed. 874, 113 C. C. A. 198.

[4] But it is not necessary for us to rest the decision upon our determination of the nature of the proceeding, for by consent the parties may dispose of such a controversy as was here considered in a summary proceeding. In re Plymouth Elevator Co., 191 Fed. 633, affirmed 208 Fed. 394, 125 C. C. A. 609; In re Brantman, 244 Fed. 101, 156 C. C. A. 529; In re Blake, 150 Fed. 279, 80 C. C. A. 167; Salsburg v. Blackford, 204 Fed. 438, 122 C. C. A. 624; In re Ironclad Mfg. Co. (D. C.) 194 Fed. 906; 7 Corpus Juris, 252. Certainly an appellate court should hesitate to disturb a decree because of the course pursued in the trial court, where it appears that the losing party asked the court to litigate the question, submitted evidence in support of his contentions, accepted his chance of a favorable decision, and all before any question of procedure was raised.

Upon the merits of the controversy, we find nothing that would justify our disturbing the finding. Not only does the evidence support the finding, but, we might add, no other conclusion could have been reached.

The decree is affirmed.