PEOPLE'S NAT. BANK OF STRASBURG, VA., v. GREEN et al. (two cases).

In re GLAIZE.

(Circuit Court of Appeals, Fourth Circuit. March 10, 1924.)

Nos. 2175, 2197.

1. **Bankruptcy ⬅⟹440—Review held to be had by appeal and not by petition to superintend and revise.**

A review of a determination of the bankruptcy court must be sought by appeal under Bankruptcy Act, § 24a (Comp. St. § 9608), and not by petition to superintend and revise under section 24b, where the controversy was one between the trustee and an adverse claimant under an alleged preferential deed, which could not, without the consent of the claimant, have been dealt with otherwise than by a plenary proceeding.

2. **Bankruptcy ⬅⟹293(4)—Plenary suit unnecessary, when adverse claimant voluntarily submits rights.**

The purpose of a plenary suit is to bring in one who has not voluntarily made himself a party to proceedings in bankruptcy, and such suit is unnecessary, even as against an adverse claimant who has of his own motion submitted his rights to the determination of the court in bankruptcy.

3. **Bankruptcy ⬅⟹293(4)—Court had authority to declare deed preference in summary proceeding when grantee sought determination of matter.**

Where bank came into bankruptcy court and contested claim, asserted in bankrupt's schedules, that deed to it from bankrupt was a voidable preference, and asked that the matter be decided, it waived its right to a plenary suit, and the bankruptcy court had jurisdiction in summary proceeding to set aside the deed as preferential.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Western District of Virginia, at Harrisonburg, in Bankruptcy; Henry Clay McDowell, Judge.

In the matter of the estate of D. A. Glaize, bankrupt; W. L. Green, trustee. On petition by the People's National Bank of Strasburg, Va., to superintend and revise, and on appeal. Petition dismissed, and decree affirmed.

Robert M. Ward, of Winchester, Va., and C. B. Guyer, of Strasburg, Va., for petitioner and appellant.

M. L. Walton and F. S. Tavenner, both of Woodstock, Va. (Walton & Walton, of Woodstock, Va., on the brief), for respondents and appellees.

Before WOODS and ROSE, Circuit Judges, and WATKINS, District Judge.

ROSE, Circuit Judge. [1] The People's National Bank of Strasburg, Va., hereinafter for brevity called the bank, has brought to this court, the dispute here involved by petition to superintend and revise and also by appeal. The questions at issue are, first, whether the court of bankruptcy, under the circumstances shown in the record, had jurisdiction in a summary proceeding to set aside as preferential a deed of a farm made by the bankrupt to the bank within four months of the filing of the petition in bankruptcy, and, second, if it had, whether upon the evidence it was justified in doing so. The controversy is one be-

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tween the trustee for the bankrupt estate on the one hand and the adverse claimant on the other, and could not, without the consent of such claimant have been dealt with otherwise than by a plenary proceeding. Review of the determination of the court below must be sought therefore by appeal under section 24a of the act (Comp. St. § 9608), and not by petition to superintend and revise under section 24b. The petition in 2175 must therefore be dismissed.

One week after the filing of the petition in bankruptcy, two other creditors in the circuit court for Shenandoah county, Va., brought suit in equity against the bank and others to set aside the deed in question as made to hinder, delay, and defraud creditors. The bank appeared especially in these state court suits and pleaded in abatement the adjudication of the grantor in the deed as a bankrupt and the pendency of the bankruptcy proceedings.

In his schedules, the bankrupt had listed the bank as still his creditor on the notes, aggregating approximately $9,000, to pay which he had conveyed the farm to it, and he also stated that such conveyance constituted a voidable preference. It seems that after the deed was made he became indebted to the bank in the comparatively small additional sum of $126.38. It wished to participate in the creditors' meeting, in part to prove this additional indebtedness and chiefly perhaps, to examine the bankrupt as to the circumstances under which the conveyance was made, but it was also anxious that by doing so, it should not be held to have assented to the contention that it had been improperly preferred. Accordingly, on receipt of the referee's notice of the first meeting of the creditors, it prepared and filed with him what it called a "statement of limited appearance of the People's National Bank at the first creditors' meeting." In this, after reciting that it received the notes and quoting what the bankrupt said in his schedule, it proceeded to deny that it had obtained a preference as charged in the bankrupt's petition, and alleged in a suit in the state court by other creditors. It said "that it did not surrender its alleged preference or waive any right acquired under the deed but that it claimed the right to appear in defense of the charges and to that extent, at least, to examine the bankrupt." It set forth the additional indebtedness, how it arose and said that "it had the right to prove said debt and file the same without prejudice to its rights acquired under the deed." It added that it filed the statement to show the limited extent to which it claimed the right to participate in the proceedings before the referee, and that it desired to make only a special appearance therein for the purpose above stated. The first meeting of the creditors was held on February 14.

On that day the counsel for the bank, in an attempt to show that the deed was not preferential, put the bankrupt through a searching examination which now covers more than 50 pages of the printed record. The meeting of the creditors was then adjourned until March 1, on which last-mentioned day, the bank filed in the court of bankruptcy an elaborate petition in which it told in considerable detail its version of the transaction leading up to and culminating in the making of the deed. It set forth the bringing against it in the state court of the suits already mentioned, and told of its pleas to the jurisdiction therein. It then said

that "the jurisdiction of the bankruptcy courts had already attached at the filing of the petition in bankruptcy to the subject-matter of such suits." It averred that the "bankrupt was in possession of the farm with an equity of redemption therein at the time of the filing of this petition in bankruptcy, and that he also at that time held said farm under a rental contract of five years, and that therefore, upon the filing of said petition in the bankruptcy court, jurisdiction of said court automatically attached to the said property of the said bankrupt." It went on to say "that again the rights of this petitioner in the said land were raised and put at issue directly in the body of the petition for bankruptcy adjudication and the question whether or not petitioner had obtained a voidable preference was thereby in effect submitted at the first institution of these proceedings to the bankruptcy court for determination. Furthermore, this petitioner does now by the filing of its petition submit the entire controversy concerning the validity of its rights under said deed of conveyance and the extent and conditions thereof." It closed with the prayer that "the bankruptcy court shall forthwith take full and complete jurisdiction of the questions involved in all the transactions of the petitioner, the said bank, with the said" bankrupt "hereinabove set out, or which may be developed from the evidence; that the rights of the petitioner by virtue of and under the said conveyance * * *" conveying the farm "* * * to the petitioner and the effect of the parol conditions and agreements under which said conveyance was made and under which said" bankrupt "is now in possession, be ascertained and determined; that the said bankruptcy court determine whether or not the said bank at the time of said conveyance or the officers and agents thereof had reasonable cause to believe that the enforcement of such conveyance and its conditions would effect a preference against the other creditors; * * * that the said referee determine all the rights of the petitioner in the premises and to that end that the said bankruptcy court take and assume complete and entire jurisdiction of the subject-matter of this petition and all controversies that have arisen or which may hereafter arise affecting the rights and interests of petitioner in these proceedings; that such other pleadings be required of parties in interest as will enable the referee by plenary proceedings to investigate and dispose of all the questions and determine the rights of all parties in and to the property of the said" bankrupt "or to which he may be entitled, and that such other and general relief be granted your petitioner as in equity may be just and proper and not inconsistent with the bankruptcy laws as duly enacted, and that, pending the determination of the question presented in this petition, the trustee be not directed to proceed to avoid said deed under any section of the Bankruptcy Act in this or any other court."

On the day of the filing of this petition, the bank further examined the bankrupt and put on the stand seven other witnesses, most of whom were its own officers or directors, in an attempt to show that the conveyance did not constitute a voidable preference. The referee apparently took the petition of the bank and the testimony it had offered in support of it under consideration, and some five or six weeks later, and long before he announced any conclusion therein the trustee asked

leave to intervene in the state court suits already mentioned and to prosecute them to a final decree. The referee held this application for three months and then refused it as he said, "for reasons stated in writing and filed with the record," but which have apparently not been brought up to us. What he did was, however, precisely what the bank had asked him to do, and it was doubtless done because he agreed with it that the court of bankruptcy had jurisdiction of the controversy, and that consequently the suits in the state court were unnecessary and would simply add to the expense of everybody concerned. The trustee submitted no evidence, being content to rest on the story of the transaction as the bank had elicited it from the parties to it. For eleven months longer—that is, for something more than fifteen months after the last witness was examined—the referee held the matter under advisement. On June 16, 1923, he finally entered an order avoiding the deed as preferential. The bank sought and obtained a review by the learned district judge, who on the 2d of October, 1923, affirmed the decision of the referee.

[2, 3] The purpose of a plenary suit is to bring in one who has not voluntarily made himself a party to the proceedings in bankruptcy. It is unnecessary, even as against an adverse claimant who has of his own motion submitted his rights to the determination of the court in bankruptcy. In re Hollingsworth & Whitney Co., 242 Fed. 753, 155 C. C. A. 341. The law says he may not be compelled to come into the bankruptcy cause and cannot be forced to answer otherwise than in a plenary suit. All this, however, is merely for his protection, and he may waive it (Salsburg v. Blackford, 204 Fed. 438, 122 C. C. A. 624) as he does if, of his own motion, he comes into the bankruptcy court and asks it to determine what rights, if any, the trustee has in particular property. The bankrupt asked the court to forbid any suit to set aside the deed because it was not a voidable preference, and put in its testimony to sustain that contention. It could not make jurisdiction depend on the conclusion the court might reach upon the merits. It might not say that the court had the right to decide the controversy in its favor but was without authority to reach an opposite conclusion.

It is unnecessary to discuss the evidence as to the merits. It is sufficient to say that the referee and the court below agree that the bankrupt at the time he made the deed was insolvent and the agent acting for the bank had good reason to believe that the effect of the deed would be to prefer it over the bankrupt's other creditors of the same class, and that we find ourselves in full accordance with these conclusions. It follows that in 2197 the decree must be affirmed.

No. 2175 dismissed.

No. 2197 affirmed.