## In re PENNSYLVANIA COFFEE CO.

(District Court, W. D. Pennsylvania. March 5, 1925.)

No. 11415.

Bankruptcy ⊚⟞288(1)—Adverse claimant, by petitioning for relief, submits himself to summary jurisdiction.

Assignees of accounts of bankrupt, who filed a petition in the bankruptcy court to require the receiver to pay over money collected on the accounts, opened the door to a contest of the validity of the assignments in the summary proceeding, and the court has jurisdiction to grant to the receiver any affirmative relief to which he is entitled.

In Bankruptcy. In the matter of the Pennsylvania Coffee Company, bankrupt. On petition by the receiver against R. W. Tener and F. L. Slocum for an offset of accounts. Granted.

Humphrey Morris and J. B. Orr, both of Pittsburgh, Pa., for petitioners.

Dalzell, Fisher & Dalzell, of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge. On May 23, 1924, R. W. Tener and F. L. Slocum filed a petition in this matter, setting forth, among other things, that the bankrupt, prior to the date of bankruptcy, had assigned certain accounts receivable to the said Tener and Slocum under the terms of a certain agreement whereby the said Tener and Slocum were to loan certain sums of money to the bankrupt. They set out that certain sums of money had been paid into the hands of the receiver to apply on accounts that had theretofore been assigned by the bankrupt to the said Tener and Slocum. To this the receiver made answer, denying the right of the petitioners to have the relief prayed for, alleging that the assignments in question were invalid and void, and in turn asked for affirmative relief, praying that the petitioners, Tener and Slocum, be directed to pay over to the receiver all moneys which had been received by said Tener and Slocum on these accounts receivable, which had theretofore been assigned to said Tener and Slocum.

Whereupon, on May 31, 1924, this court referred the petition of Tener and Slocum,

and the answer of the receiver, to Watson B. Adair, one of the referees in bankruptcy, as special master, to take testimony thereon and report the facts to the court. The referee's report as special master came into court and was filed on the 8th of December, 1924. The special master found that Tener and Slocum were entitled to have paid to them by the receiver in bankruptcy the collections that were made by the receiver to apply on accounts receivable of the bankrupt included in the first two assignments listed as B and C, attached to the original petition of R. W. Tener and F. L. Slocum, filed on the 24th day of May, 1924. The referee further found that the third assignment of accounts receivable, being those accounts listed as Exhibit E in said original petition, constituted in effect a preference to one creditor, and therefore said assignment was invalid. This is the assignment that bears date the 4th day of April, 1924.

Based on these findings, the referee recommended to the court that the receiver be directed to pay to Tener and Slocum the collections made by the receiver on the first two assignments, and that with respect to the third assignment, namely, that of April 4, 1924, the petition be denied; the special master saying with reference to the assignments of account bearing date of April 4, 1924: "The receiver or trustee may be entitled to recover from petitioners the money which the latter have already collected on the accounts which were assigned on April 4, 1924, but such recovery cannot be had in this particular proceeding."

No exceptions were taken to this report by either party, but on February 3, 1925, a new petition was filed, setting forth the facts with reference to the filing of the original petition by Tener and Slocum, and the referring of the same to Watson B. Adair as special master, with his findings thereon. This petition further showed that to the date of filing this petition, February 3, 1925, there had been collected by the receiver on account of assignment of February 18, 1924, the sum of $824.54, on account of the second assignment of March 11, 1924, the sum of $2,230.37, making a total amount collected by the receiver, and under the recommendation of the referee payable to Tener and Slocum, the sum of $3,054.81. The petition further set out that Tener and Slocum had collected and received, prior to the date of the appointment of the receiver, the sum of $5,607.76 on account of the third assignment of April 4, 1924, which the referee found that the receiver might be enti-

tled to recover in another proceeding. Upon this state of facts, the petitioner prayed that the court strike a balance between the amount owing from the receiver to Tener and Slocum, and that owing by Tener and Slocum to the receiver, and issue an order upon said Tener and Slocum to pay that balance, namely, the sum of $2,552.95.

Upon this petition a rule to show cause was granted upon Tener and Slocum, and the rule was made returnable the 14th day of February, 1925. To this rule Tener and Slocum made no answer, but appeared in court in opposition to the rule, arguing that the amount to be recovered from them could be recovered only in a plenary action, and could not be offset in a summary proceeding of this sort. They further contended that, inasmuch as the receiver filed no objections to the report of the special master, it could not now have the report confirmed in part and set aside in another part. As we understand it, there is no dispute as to the facts or of the amount involved in this matter. The only question involved is a purely legal question—whether or not the receiver in bankruptcy may offset its claim against Tener and Slocum in this summary proceeding.

The precise question at issue here has been decided in favor of the receiver by the Circuit Court of Appeals of the Seventh Circuit in case of Operators' Piano Co. v. First Wisconsin Trust Co., 283 F. 904, 906, in which Evans, Circuit Judge, delivering the opinion of the court, says: "Likewise, where the adverse claimant is himself a petitioner for relief in a summary proceeding, he opens the door to such defenses as the trustee in bankruptcy possesses, and all such issues and all such defenses (including affirmative claims) may be properly litigated in that summary proceeding." That principle also finds support in the following cases: In re Brantman, 244 F. 101, 156 C. C. A. 529; In re Berry (D. C.) 247 F. 700; In re Drag (D. C.) 254 F. 474; In re Hollingsworth & Whitney Co. v. Boston, 242 F. 753, 155 C. C. A. 341; Breit v. Moore, 220 F. 97, 135 C. C. A. 573; Lincoln v. People's National Bank (D. C.) 260 F. 422.

We do not think that the receiver has lost its right to claim the offset in the instant case merely because he did not except to the recommendations made by the referee in bankruptcy as special master. The facts are found by the referee's report, upon which the court may properly now strike a balance between the sums due and owing from the receiver to Tener and Slocum and from Tener and Slocum to the receiver. That amount, as disclosed in the petition filed by the receiver on February 3, 1925, is $2,552.95. We see no reason why the receiver in bankruptcy in this case should be put to a plenary action, when the claimants themselves have come into court and submitted themselves to its jurisdiction, and there is no dispute over the amount of money which the claimants, Tener and Slocum, have collected on the accounts assigned to them under the assignment of April 4, 1924.

The relief which the receiver asks in the petition filed February 3, 1925, is in accordance with its answer filed hereon the 31st day of May, 1924, at the time of the original reference. An order may be submitted accordingly.