## MONSON v. HIBLER.

Circuit Court of Appeals, Ninth Circuit. March 26, 1928.

No. 5271.

1. **Bankruptcy** ⟝340(4)—**Evidence held to warrant finding against existence of agreement by bankrupt to pay its officer and director any federal income tax refund obtained by him.**

Evidence *held* to warrant finding of referee in bankruptcy against existence of alleged understanding between bankrupt corporation and its president and director to pay him full amount of any refund of federal income taxes obtained by corporation for his services in obtaining such refund and in obtaining cancellation of additional income taxes demanded by government, and that service rendered was not extraordinary or outside his ordinary duties as director, so as to entitle him to recover therefor.

2. **Bankruptcy** ⟝467(4)—**District Court's judgment on facts will not be disturbed unless clearly against weight of evidence or plainly erroneous.**

The judgment of a District Court on the facts will not be disturbed on appeal unless it is clearly against the weight of evidence or unless plain or manifest error exists, especially where both referee in bankruptcy and District Judge have coincided in their conclusions.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington.

In the matter of the bankruptcy of the Groceteria Stores Company. From a judgment affirming a decision of the referee in bankruptcy, sustaining objections of Ross E. Hibler to allowance of claim of Cecelia Monson, claimant appeals. Affirmed.

R. P. Oldham, D. G. Eggerman, and Edw. L. Rosling, all of Seattle, Wash., for appellant.

C. S. Goshert and James Crehan, both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. On September 26, 1926, the Groceteria Stores Company was adjudged a bankrupt. It made an offer of composition, which was confirmed by the court, to pay 50 per cent. of the claims allowed. The appellant filed a proof of claim for $2,697.64. The appellee having received from the bankrupt an order on the court for all of the fund on deposit for the composition not paid out on approved claims, filed objections to the allowance of the appellant's claim. The referee sustained the objections, and his ruling was sustained by the court below.

[1] In 1918 the Groceteria Stores Company paid a federal income tax of about $2,600. On February 15, 1924, the payment was held insufficient, and demand was made for an additional sum of approximately $4,900. The company was unable to meet the payment. Walter A. Monson, its president, proposed to consolidate the return of that company with that of the Monson Investment Company, both corporations belonging substantially to the same people, and thereby to relieve the former company from the payment of the increased income tax. The appellant produced testimony tending to show that there was an agreement between him and J. L. Mackeever, a director and stockholder of the Groceteria Stores Company, that upon Monson's success in securing a cancellation of the demanded taxes and a refund of certain income taxes paid prior thereto, he was to receive in compensation for his services the amount of such refund. He obtained release from the demanded payment and a refund of $3,197.64, which had been paid on the 1918 tax. The amount was first credited to income "from miscellaneous sources." During the first half of the year 1926 payments of $100 per month for five months were made to the appellant; Monson having transferred to her by oral assignment his demand against the company, and the payments so made were charged to expenses.

The referee denied the validity of the appellant's claim on the grounds, that the claim filed by the appellant was falsely asserted to be for a balance due her on a loan

made on August 27, 1925, of $3,197.64; that no entry of a debt for that amount as payable to Monson or to any one was carried upon the books of the company at any time before the schedules in bankruptcy were, filed, the books showing only the payments to the appellant of $100 per month for five months, which were charged off to expenses; that the sum of $3,197.64 so refunded was first credited to income from miscellaneous sources, and thereafter was credited as surplus, but was never carried as a liability; and that Monson was aware of the contents of the books from the fact that he assisted in making out the schedules in bankruptcy.

The referee believed to be sham the two letters, which were in evidence, and relied upon by the appellant, to show an agreement by which Monson was to receive as his own the money so refunded. In one of those letters Monson wrote to Mackeever: "It is agreed that in the event of refund that Monson Investment Company shall receive the full amount of said refund, payable $100.00 a month, and that Monson Investment Company will assign said amount to be paid to John L. Mackeever to apply on Groceteria Stores preferred stock purchase agreement between John L. Mackeever and Walter A. Monson"—to which letter Mackeever appended his signature with the word "Approved." Upon the foregoing circumstances, and the fact that no meeting of the directors of the company was held to discuss or approve the alleged contract, and no reference thereto was made upon the records of the company, and the fact that Monson was in receipt of a salary of $400 per month as president of that company, together with the fact that in his testimony he admitted, "It was my duty as president to save that money to the stockholders if I could, and I did save the company $7,000 through this agreement," the referee's decision was based. The appellant cites authorities to the proposition that an officer of a corporation may recover for services rendered to the corporation as upon an implied contract by showing that the services were clearly outside his ordinary duties as such officer, and that they were performed under circumstances sufficient to show that it was well understood on the part of the corporate officers as well as by himself that the services were to be paid for. But the authorities are not applicable here; for the referee found against the existence of any such understanding, and found that the service rendered by Monson was not extraordinary and was not outside his ordinary duties as a director.

[2] The judgment of a District Court on the facts will not be disturbed on appeal unless it is clearly against the weight of the evidence, or unless plain and manifest error exists; and this is especially true where both the referee and the District Judge have coincided in their conclusions. This court has so held in Re Dorr (C. C. A.) 196 F. 292, Wilson v. Continental Building & Loan Ass'n (C. C. A.) 232 F. 824, and In re Lake Chelan Land Co. (C. C. A.) 257 F. 497, 5 A. L. R. 557. See Rem. on Bankruptcy (3d Ed.) § 3871; In re Sweeney (C. C. A.) 168 F. 612; Canner v. Webster Tapper Co. (C. C. A.) 168 F. 519; In re Morrison (C. C. A.) 261 F. 355; In re Bradley (C. C. A.) 269 F. 784; Tennessee Finance Co. v. Thompson (C. C. A.) 278 F. 597.

Here there was evidence to support the judgment, and it is affirmed.