## In re RUDNICK & CO.

### (District Court, S. D. New York. May, 1907.)

1. BANKRUPTCY—SEIZURE IN REPLEVIN—VACATION—STATUTES.

Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], provides that all levies obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him shall be void in case he is adjudged a bankrupt, and the property affected by the levy or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the bankrupt's estate, unless the court shall order that the lien be preserved for the benefit of the estate, etc. *Held*, that such section was sufficiently broad to vacate a seizure of garments under a writ of replevin requiring the officer to take certain designated cloth which it was claimed had been manufactured into the garments replevied; the levy having been made on the day prior to the filing of a bankruptcy petition against the debtor and the appointment of a temporary receiver of his property.

2. SAME.

Where, on the day prior to the institution of bankruptcy proceedings, a creditor sued out a replevin requiring the sheriff to take a specified quantity of cloth, under which writ the sheriff took possession of a quantity of manufactured clothing, on the theory that such clothing had been manufactured out of the cloth described in the writ, it was the duty of the bankruptcy court to vacate such levy and determine the creditor's claim in order that he should not appropriate more than the cloth or its proceeds, to the prejudice of other creditors.

3. SAME—TRIAL OF TITLE.

Where replevin is brought before bankruptcy proceedings, and no other question but that of title is to be litigated, the bankruptcy court may permit such question to be tried in the replevin action if there has been no excessive levy, and the bond given is ample for the protection of creditors.

## In Bankruptcy.

Upon petition of receiver for an order requiring the sheriff of the county of New York to show cause why he should not deliver 386 garments to petitioner, and that pending the determination of the application the sheriff be stayed from delivering said property to any person other than petitioner, and from otherwise interfering with the same except for the preservation thereof.

By the duly verified petition of Robert A. Inch, the receiver, it appeared:

"(1) That an involuntary petition was filed in this court against the above-named bankrupt on the 20th day of April, 1907, and on the same day an order was made appointing your petitioner temporary receiver in bankruptcy herein, and your petitioner has qualified by filing his bond as required by the order of his appointment, which bond has been approved; that petitioner has taken possession of the property of the above-named bankrupt.

"(2) Petitioner further alleges that in an action begun in the City Court of the city of New York by Simon Brinn and Louis Brinn, plaintiffs, against L. Rudnick & Co., the above-named bankrupt, defendant, which action was brought on behalf of said plaintiffs by Marcusson Bros., their attorneys, of No. 132 Nassau street, a writ of replevin was issued to the sheriff of the county of New York on the 19th day of April, 1907, requiring him to replevy in said action the following described property: 242¼ yards of blue cloth, known as 'Thibet goods,' attached to which is a tag bearing name, 'S. Brinn & Bro.' 451¼ yards of blue cloth, known as 'Thibet goods,' attached to which is a tag bearing name, 'S. Brinn & Bro.' 102¾ yards of red serge cloth, style number being 'R. 15,' which appears on a tag attached to the cloth. 158 yards of serge cloth royal color, style number being 'R. 15,' which appears on a tag attached to the cloth.

"(3) That, pursuant to said writ of replevin, the sheriff of the county of New York took into his possession on said 19th day of April, 1907, from the premises of the above-named bankrupt, 386 manufactured children's cloaks and suits, claiming that said cloaks and suits were made up of the cloth hereinabove referred to.

"(4) Petitioner further alleges that it is necessary, in order to protect the interests of the estate and the general creditors of the above-named bankrupt, that said sheriff deliver the property replevied by him as aforesaid to your petitioner, and that the plaintiffs in said replevin action be compelled to prosecute any claim that they may have for the recovery of the cloth replevied by them in said action in the City Court, in this court, according to the usual reclamation proceedings.

"(5) That the sheriff of New York county did not take into his possession in said replevin suit any of the cloth called for in his writ unmanufactured, but satisfied the same solely by receiving from the bankrupt the said 386 garments above referred to."

Stern, Singers & Barr and Wm. Jno. Barr, for receiver.
Marcusson Bros., for replevying creditor.

HOUGH, District Judge. 1. In my opinion the language of section 67f, Act July 1, 1898 (30 Stat. 565, c. 541 [U. S. Comp. St. 1901, p. 3450]), is broad enough to vacate this seizure in replevin, and I further think that the reasoning of the decision in Re Weinger (D. C.) 11 Am. Bankr. Rep. 424, 126 Fed. 875, sustains that conclusion.

2. In this particular case the circumstances of the replevin are quite aggravated. The balance of evidence as contained in the affidavits is that the plaintiffs in replevin seized nothing that belonged to them, and nothing that fairly and honestly answered to the requisition in replevin. But, even if they did take the garments made out of their cloth, it is the obvious duty of this court in the interest of all creditors to see to it that they do not appropriate anything but the cloth or the proceeds thereof.

3. There doubtless have been cases, and will be again, where a replevin is brought before bankruptcy, and no other question but that of title is suspected to exist in the replevin suit. Under such circumstances, if it were satisfactorily shown to this court that the bond or undertaking was ample and there had been no excess levy, it would obviously be in the interests of economy to permit the question of title to be tried out. This is not such a case.

The motion is granted, on payment of all lawful charges of the sheriff.