### In re PETERSEN.

### ROBERTSON v. CENTRAL TRUST CO. OF ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. November 16, 1912.)

#### No. 1,902.

BANKRUPTCY (§ 8*) — JUDGMENT — ENFORCEMENT — INJUNCTION—PETITION— BANKRUPTCY ACT—INSTRUCTIONS.

Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), provides that if the bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person, or has made a transfer while insolvent, and the judgment or transfer operates as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person, etc. Section 67f declares that all levies, judgments, attachments, or other liens obtained through legal proceedings against an insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same. *Held*, that section 60b, as amended, did not impliedly repeal section 67f, and therefore that a petition by a bankrupt's trustee to enjoin the attempted enforcement of a judgment recovered against the bankrupt within four months prior to bankruptcy was not defective for failure to charge that the judgment creditor at the time of entry of the judgment had reasonable cause to believe that the enforcement thereof would effect a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 6; Dec. Dig. § 8.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Anton Petersen. Proceeding by the Central Trust Company of Illinois, trustee of the bankrupt, against A. Robertson, to restrain the enforcement of a judgment. A demurrer to the petition was overruled, and defendant files a petition for review. Petition dismissed.

This is a petition to review and revise an order entered in a proceeding in bankruptcy. The Central Trust Company, as trustee in bankruptcy of the estate of Anton Petersen, filed in the District Court a petition that Robertson (the petitioner here) and others might be enjoined from attempting to enforce, by execution and levy, the collection of a judgment rendered against the bankrupt in the municipal court of Chicago. The petition of the trustee charged that the judgment was recovered and became a lien upon the property of the bankrupt within four months prior to the bankruptcy proceedings, that the bankrupt was insolvent at the time of the entry of the judgment, and that it was a cloud on the bankrupt's property and interfered with its sale by the trustee. Robertson demurred generally and specially, claiming that the peti-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion was defective, in that it did not charge that the respondent, at the time of the rendition of the judgment, had reasonable cause to believe that the enforcement of the judgment would effect a preference. The District Court overruled the demurrer, and its action in that behalf is sought to be reviewed here.

Lewis E. Dickinson, of Chicago, Ill., for petitioner.

Harold F. White and Albert N. Eastman, both of Chicago, Ill., for respondent.

Before BAKER and SEAMAN, Circuit Judges, and CARPENTER, District Judge.

CARPENTER, District Judge (after stating the facts as above). The involved sections of the Bankruptcy Act are:

Section 60b, original act of 1898: "If a bankrupt shall have given a preference within four months before the filing of a petition or after the filing of the petition and before the adjudication, and the person receiving it or to be benefited thereby or his agent acting therein, shall have reasonable cause to believe that it *was intended threby to give a preference*, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Amended in 1910: "If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person, or have made a transfer of any of his property, and if at the time of the transfer or of the entry of the judgment, or of the recording or registering of the transfer, if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, *the bankrupt be insolvent and the judgment or transfer then operate as a preference and the person receiving it or to be benefited thereby or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference*, it shall be voidable by the trustee and he may recover the *property or its value* from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Section 67f: "That all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same," etc.

The petitioner claims that the latest expression of Congress must prevail, and that section 60b, as amended in 1910, repeals section 67f so far as it affects judgments. If Congress had intended to repeal section 67f, it would have been a very simple matter. If Congress had intended to permit judgment liens recovered within four months of the filing of the petition in bankruptcy at a time when the debtor was insolvent to stand, unless the party benefited "has reasonable cause to believe that the enforcement of such judgment would effect a preference," it would have been equally simple to have amended section 67f.

It is rudimentary that a court, in construing a statute, must, if possible, give effect to all sections, and not declare any clause or section superfluous or void, if it can be reconciled with the balance of the act on any reasonable theory. An examination of sections 60b, as

amended, and 67f, shows that the former relates to preferences only, and the latter to liens.

Section 60b presupposes that the judgment or transfer specifically referred to has been so far effected or realized upon as to amount to a preference, because it is expressly provided that they are voidable by the trustee, and that the *property* or *its value* may be recovered from the person receiving, or benefited by, the preference. The mere entry of a judgment, with no execution and levy, with no sale or satisfaction, does not enrich the judgment creditor or give him an actual preference. In other words, section 60b applies to executed preferences, section 67f to liens unrealized upon. The property may be in the possession of the trustee as a part of the bankrupt's estate, the judgment creditor having acquired nothing of value except the naked lien. In that case, clearly, it would be futile for the trustee to bring an action to recover "the property or its value."

Section 67f apparently is intended to relieve the property of the bankrupt from the technical lien of a judgment; and the present case furnishes a very good illustration of the propriety of such a provision. Real estate belonging to the bankrupt is clouded of record by the existence of the judgment lien, making it the more difficult for the trustee to procure a purchaser willing to pay its full value. Purchasers at judicial sales, as a rule, do not care to buy into a litigation.

We are of the opinion that the amendment to section 60b, enacted in 1910, does not repeal section 67f. Under section 67f the trustee was not obliged to charge in his petition that the judgment creditor, at the time of the entry of his judgment, had reasonable cause to believe that the enforcement of such judgment would effect a preference, and the demurrer was properly overruled.

The petition, therefore, must be dismissed; and it is so ordered.