## In re FITZHUGH HALL AMUSEMENT CO.

(District Court, W. D. New York. May 11, 1915.)

### No. 5302.

BANKRUPTCY ☞140, 205—PROPERTY PASSING TO TRUSTEE—RIGHTS AS LIEN CREDITOR.

A seller of property by a conditional sale contract reserving title until full payment, which on default by the purchaser placed its claim in judgment and levied execution on the property, thereby elected to treat the sale as absolute, and on the bankruptcy of the purchaser cannot claim title under the contract; but where the property remained in the possession of the bankrupt at the time of the bankruptcy, and the levy was made within four months, under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), the trustee took the same with all the rights of a creditor holding a lien by legal proceedings, and also by virtue' of section 67f (section 9651) may be authorized to enforce the lien of the execution for the benefit of the general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225, 234, 303; Dec. Dig. ☞140, 205.]

In Bankruptcy. In the matter of the Fitzhugh Hall Amusement Company, bankrupt. On review of order of referee directing sale of property. Affirmed.

Albert H. Stearns, of Rochester, N. Y., for trustee.

Isaac Adler, of Rochester, N. Y., for claimant.

THOMAS, District Judge. This case arises on the petition of the trustee of the bankrupt for authority to sell an organ free from lien claimed by the Rudolph Wurlitzer Company to exist thereon. The referee granted the petition and entered an order to that effect, containing the further provision that the proceeds of the sale should be

set aside pending a determination as to the validity of the lien. The Rudolph Wurlitzer Company has brought this proceeding to review this order, and the referee has made his certificate and return.

The facts of this case, about which there is practically no dispute, are as follows:

The Fitzhugh Hall Amusement Company, which was adjudged a bankrupt in May, 1914, had prior thereto, on May 2, 1913, entered into a contract with one Kelley for the purchase of an organ of the value of $10,000, which contract contained the provision that the title should remain in the vendor until the purchase price and any judgment therefore were fully paid. Thereafter Kelley assigned this contract to the Rudolph Wurlitzer Company. Subsequently, on January 26, 1914, the Rudolph Wurlitzer Company brought an action in the Supreme Court of New York to recover a judgment for the balance of the purchase price of said organ then remaining unpaid, amounting to $9,398.45, with interest. The summons and complaint in the action were duly served, and the judgment was obtained by default on February 18, 1914, for $9,454.70. On the same day the plaintiff in that action, the Rudolph Wurlitzer Company, caused an execution to issue on said judgment and placed said execution in the hands of the sheriff of Monroe county. A levy was thereupon made upon the organ under the execution, together with other property. On the same day, February 18, 1914, and after the sheriff had made the levy, an agreement was entered into between the Rudolph Wurlitzer Company and one Arnold, by the terms of which the latter was to pay $2,000 in cash upon the execution, and further payments were to be made according to its terms. The cash payment was directly to the sheriff, and included the sheriff's fees. The sheriff immediately turned over to the plaintiff this amount, and the sheriff was instructed to hold the levy. The attorney for the petitioner had notice of this levy, and in fact instructed the sheriff to hold the levy, and the levy is still on the organ.

The first meeting of the creditors of the bankrupt following the adjudication was held on May 16, 1914, at which time the Rudolph Wurlitzer Company proved its claim in bankruptcy for $7,537.40, the balance due on the Arnold contract, and participated in the election of the trustee for the full amount. The Rudolph Wurlitzer Company has also at various meetings subsequent thereto participated in the proceedings, appearing as a general creditor, and in every way acted as a general creditor for the purpose of controlling the proceedings in the bankruptcy court.

The Rudolph Wurlitzer Company relies upon the rulings in Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, to the effect that a trustee in bankruptcy acquires no better title than the bankrupt, and that a vendor's title under a conditional bill of sale is valid against the bankrupt and his trustee. These authorities are not apposite, because of the levy and the amendment of 1910 to the Bankruptcy Act, § 47a (2), by Act June 25, 1910, c. 812, §

8, 36 Stat. 840, read in connection with section 67f of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564).

1. The Rudolph Wurlitzer Company, by its levy on the organ as the property of the vendee of an execution to enforce the judgment in the action brought to recover the purchase price, has precluded itself from denying that the transaction was an absolute sale by itself, and has waived any title thereto by virtue of the original agreement. Morris v. Rexford, 18 N. Y. 552, 557; Fields v. Bland, 81 N. Y. 239. This levy brings the Rudolph Wurlitzer Company within the well-settled principle that a party cannot, either in the course of litigation or in dealings in pais, occupy inconsistent positions. The test of what constitutes an election in such a case is, in general, that any decisive act done by a person with knowledge of his rights and all other facts material to him is binding. When a party has two remedies inconsistent with each other, any decisive act by him done with knowledge of his rights and of the facts determines his election of his remedy. Robb v. Vos, 155 U. S. 13, 15 Sup. Ct. 4, 39 L. Ed. 52; Connihan v. Thompson, 111 Mass. 270; Rodermund v. Clark, 46 N. Y. 354.

2. The amendment of 1910—section 47a (2)—was enacted as a result of the decisions in Hewit v. Berlin Machine Works and York Mfg. Co., supra, and with a view of meeting the same. The effect of this amendment was to give to the trustee, as to all property coming into the custody of the bankruptcy court, the rights of a creditor holding a lien. Holt v. Henley, Trustee, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767; In re Williamsburg Knitting Mill (D. C.) 190 Fed. 871; Milliken v. Second National Bank of Baltimore, 206 Fed. 14, 124 C. C. A. 148; In re Bazemore (D. C.) 189 Fed. 236; Bank of North America v. Penn. Motor Car Co., 235 Pa. 194, 83 Atl. 622; In re Smith (D. C.) 198 Fed. 876. The numerous authorities, in addition to those cited, stating this position are collected in Remington on Bankruptcy, vol. 2, §§ 1137, 1207, 1270–1273.

The organ was in the possession of the bankrupt at the time of the adjudication and was taken by the trustee. It was therefore within the custody of the bankruptcy court. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157. And the levy having been made within four months of the adjudication on property which the levying creditor treated as the property of the bankrupt for the purposes of the levy may be preserved for the general benefit of the estate, and whatever the trustee realizes thereon may be distributed among the creditors. The lien is valid, but it loses its preferential character in favor of the attaching creditor by the institution of the bankruptcy proceedings. First National Bank of Baltimore v. Staake, 202 U. S. 141, 149, 26 Sup. Ct. 580, 50 L. Ed. 967. That the purpose of section 67f of the act of 1898 was to subrogate the trustee to all liens acquired by the creditors within four months of the adjudication in bankruptcy is too well settled to admit of question. Fallows v. Continental, etc., Savings Bank, 235 U. S. 300, 35 Sup. Ct. 29, 59 L. Ed. 238; Rock Island Plow Co. v. Reardon, 222 U. S. 354, 32 Sup. Ct.

164, 56 L. Ed. 231; First National Bank of Baltimore v. Staake, supra.

3. The contention that the levy was rendered null and void by reason of the bankrupt's adjudication within four months thereafter, and that therefore the rights of the Rudolph Wurlitzer Company under the contract are restored and reinstated, notwithstanding the election, is not well taken. It may be true, as is now contended, that in some cases the attempt to choose a right which one wrongly or mistakenly supposes to exist is no election; but that is not this case, for the reason that under section 67f the bankruptcy court has the right on due notice, to—

"order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect."

The equity of this section, particularly as read in connection with the amendment of 1910—section 47a (2)—clearly makes property under attachment or levy subject to the order of the bankruptcy court, and extends to and includes goods, chattels, or property sold under the condition that the legal title shall remain in the vendor until fully paid. Authorities supra. This principle was recognized by the Supreme Court in First National Bank of Baltimore v. Staake, supra, even prior to the amendment of 1910, where, in the opinion of the court, delivered by Mr. Justice Brown (202 U. S. at page 149, 26 Sup. Ct. at page 584 [50 L. Ed. 967]), it is said:

"The extent to which the bankruptcy court shall recognize the rights obtained by creditors upon property attached as property of the bankrupt, * * * is a matter solely within the discretion of Congress."

If this were so under section 67f, prior to the amendment of 1910, it is manifestly the rule under the amendment, the object and purpose of which are fully stated in the authorities to which reference has been made.

The order of the referee should be affirmed. Let an order to that effect be entered.