## BELL v. FREDERICK.

### In re DE MARIA.

(Circuit Court of Appeals, Third Circuit. June 5, 1922.)

### No. 2836.

Bankruptcy ⊕⊐207—Trustee may be substituted to the rights of attaching creditor.

Under Bankruptcy Act, § 67f (Comp. St. § 9651), providing that an attachment obtained within four months of bankruptcy is null and void, unless the court shall on due notice order that the right under such attachment shall be preserved for the benefit of the estate, a trustee in bankruptcy may be substituted to the rights of an attaching creditor of the bankrupt.

Appeal from District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Petition by Elliott Frederick, trustee in bankruptcy of the estate of Vincent De Maria, trading as the Richfol Grocery Company, against Louis Bell, for an order permitting petitioner, as trustee, to be substituted to the rights of defendant, an attaching creditor of the bankrupt. From a decree for petitioner, defendant appeals. Affirmed.

Adolph L. Zeman, of Washington, Pa., and Lowrie C. Barton, of Pittsburgh, Pa., for appellant.

Wm. G. Bechman, of Pittsburgh, Pa., and Lloyd O. Hart, of Washington, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The pertinent facts in this case are thus stated in the opinion of the court below, viz.:

"This is a petition of Elliott Frederick, trustee in bankruptcy of Vincent De Maria, for an order permitting him to be substituted to the rights of Louis Bell, an attaching creditor of the bankrupt. The facts are these:

"The stock of the bankrupt, a merchant, insured in the sum of $8,000, was totally destroyed by fire on November 2, 1919. On the day following, Bell entered a judgment and issued an execution attachment against De Maria, attaching the moneys due on the policies in the hands of the insurance companies. Two days later an involuntary petition in bankruptcy was filed against De Maria, and about a year afterwards he was adjudged a bankrupt, and a receiver appointed, who was later elected as trustee. No suit was brought by the receiver or trustee on the policies until a little after the expiration

⊕⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of a year following the fire, and the court of common pleas of Washington county, in an opinion filed, held that the action could not be maintained, not having been brought within the period designated in the policies. The Superior Court of Pennsylvania having held in the case of Bank of New Bethlehem v. Mairkranz, 44 Pa. Super. Ct. 225, that an attachment execution against an insurance company to attach a fund due to the defendant in the execution for loss by fire, is a suit or action on the policy, and this case being brought to the attention of the insurance companies, they have agreed to pay to the trustee in bankruptcy an agreed sum of $4,500, the amount of the claims of Bell and two other attaching creditors, all of which attachments were issued within the period of one year after the fire, provided the trustee is substituted as plaintiff in said attachment proceedings for the benefit of the bankrupt estate. The trustee has already been substituted to the rights of the other two attaching creditors."

On hearing, that court preserved the lien of Bell's attachment for the benefit of the bankrupt De Maria's estate. Thereupon Bell took this appeal, and the question involved is: Had the court below the power to make the order in question? That question, in our view, is settled by section 67 of the Bankruptcy Law (Comp. St. § 9651), which, while it stated that an attachment obtained within four months of bankruptcy, as was Bell's, shall be deemed null and void, also provided:

"Unless the court shall, on due notice, order that the right under such * * * attachment * * * shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

By virtue of this statutory authority and the construction placed upon it (In re Baird [D. C.] 126 Fed. 845, affirmed First Nat. Bank v. Staake, 133 Fed. 717, 66 C. C. A. 547, affirmed 202 U. S. 144, 26 Sup. Ct. 580, 50 L. Ed. 967), the court below was warranted in doing what it did. Indeed, this case is a good example of just what the provision quoted was intended to effect, namely, that while the attachment lien, etc., of a preferred creditor is annulled as a preference for himself, it is preserved for the benefit of himself and all his fellow creditors. In this way the statute brings about the nonpreference to the individual creditor and the equity of pro rata participation to all creditors, which is the aim of the Bankruptcy Law.

The decree below is affirmed.