### In re COMMUNITY STORES OF IOWA, Inc.

#### Petition of JANSSEN, Sheriff.

(District Court, N. D. Iowa, C. D.   July 31, 1922.)

#### No. 1238.

1. **Bankruptcy ⬳200(4)—Execution sale within four months preceding bankruptcy held void.**

   Under Bankruptcy Act, § 67f (Comp. St. § 9651), proceedings in a state court, resulting in the issue and levy of a writ of attachment, judgment, issue of execution, and sale of the property of a bankrupt, taking place within four months preceding the filing of an involuntary petition and the adjudication in bankruptcy, became, so far as they affected any lien on the property or proceeds, null and void, assuming the insolvency of the bankrupt at the date of the levy and writ of attachment.

2. **Bankruptcy ⬳288(2)—Right of trustee to proceeds of execution sale as property of bankrupt determinable in summary proceedings.**

   The question of whether the trustee in bankruptcy is entitled to the proceeds of the execution sale of the property of a bankrupt on proceedings in state court may be determined by summary proceedings before the referee.

In Bankruptcy. In the matter of the Community Stores of Iowa, Inc., bankrupt. Petition of Henry V. Janssen, Sheriff of Carroll County, Iowa, to review referee's order. Affirmed.

Buck & Kirkpatrick, of Spencer, Iowa, for petitioning creditors.
Salinger, Reynolds, Meyers & Cooney, of Carroll, Iowa, for Janssen.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SCOTT, District Judge. The above-entitled matter comes before the court upon the petition for review of Henry V. Janssen, sheriff of Carroll county, Iowa, of an order made and entered on the 20th day of December, 1921, by John M. Schaupp, Jr., referee in bankruptcy, by the terms of which the referee on summary proceedings ordered said sheriff to turn over to the trustee of said Community Stores of Iowa, $1,742.85 held by said sheriff as receipts from the sale of property sold on execution under a judgment rendered in the District Court of Iowa, in and for Carroll county in an action by Kerwin & Schiltz against the bankrupt. The action was commenced on the 18th day of December, 1920, and a writ of attachment issued in aid thereof and levy made on the same date upon a stock of merchandise. The defendant was defaulted on January 13, 1921, and on January 19th formal judgment entered against the defendant and directing sale of the attached property. On January 18th, the day before final judgment was entered, an involuntary petition in bankruptcy was filed against the Community Stores of Iowa, and on February 7th adjudication in bankruptcy was entered.

A show cause order was issued and served upon the sheriff requiring him to appear and show cause why he should not turn over to the trustee the proceeds of the sale then in his hands. The sheriff appeared and filed a plea questioning the jurisdiction of the referee and alleging the solvency of the bankrupt at the time of the levy of the writ of attachment, and claiming the right to a trial in a plenary suit. No further cause was shown by the sheriff as respondent to the show cause order, and a hearing was had upon the issue thus joined. No evidence was offered tending to show solvency of the bankrupt at the time of the levy of the writ of attachment, and the order petitioned from was entered. The sheriff within the proper time petitioned for a review of said order, and upon such petition the matter was on the 20th day of June, 1922, submitted.

[1] Now on this 31st day of July, 1922, said matter having been taken under advisement, comes on for final determination. It appears without controversy that the action in the state court, the issue and levy of the writ of attachment, the judgment, issue of execution, and sale of property all took place within four months preceding the filing of the involuntary petition and the adjudication in bankruptcy. In such circumstances under the provision of the Bankruptcy Law, § 67f (Comp. St. § 9651), the proceedings in the state court so far as they affected any lien upon the property or proceeds, became null and void, assuming the insolvency of the bankrupt at the date of the levy of the writ of attachment.

[2] The question as to whether the controversy thus presented may be determined upon summary proceedings before the referee, or whether on the contrary a plenary action must be instituted in a court of competent jurisdiction, is presented. In the opinion of the court said controversy may be determined in a summary proceeding before the referee. Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555; Staunton v. Wooden, 179 Fed. 61, 102 C. C. A. 355, and cases cited; Yumet & Co. v. Delgado, 243 Fed. 519, 156 C. C. A. 217; In

re Rathman, 183 Fed. 913, 106 C. C. A. 253; In re Schow (D. C.) 213 Fed. 514; In re Logan (D. C.) 196 Fed. 678; Knapp & Spencer Co. v. Drew, 160 Fed. 413, 87 C. C. A. 365.

The referee found as a conclusion of law that the controversy presented might be determined upon summary proceedings before the referee. In the opinion of the court said order should and the same is hereby affirmed. The referee further ordered that a hearing upon the report of the trustee for the purpose of inquiring into the evidence should be had, and such hearing was set to take place before the referee on the 11th of January, 1922, but upon petition of the sheriff for review the hearing was continued. It is further ordered that the matter be remanded for further proceedings in connection with this order consistent with this opinion.