## In re CHEBOT.

(District Court, D. Massachusetts.   May 3, 1923.)

### No. 29565.

1. **Bankruptcy** ⬅➡**200(3)—Proceeds of dissolved attachment to be turned over by officer.**

Where an attachment of property of bankrupt within four months is dissolved by the adjudication, but the property has been sold by the attaching officer pursuant to a state statute, he may be summarily required to turn over to the trustee so much of the proceeds as he holds subject to the attachment, and what funds are so held is determined by the statute under which the sale was made.

2. **Attachment** ⬅➡**202—"Necessary charges" deductible from proceeds of sale defined.**

Under G. L. Mass. c. 223, § 87, authorizing an attaching officer to sell attached property in certain cases and hold the proceeds "after deducting the necessary charges" subject to the attachment, where the attaching officer is a sheriff the necessary charges of sale are those fixed by chapter 262, § 8, and include certain fees and the expenses therein enumerated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Charges.]

In Bankruptcy.   In the Matter of Norman B. Chebot, bankrupt.   On review of order of referee.   Reversed and remanded.

Frank A. Pease, of Fall River, Mass., for Sullivan.

Philip W. Jacobs, of Boston, Mass., trustee.

BREWSTER, District Judge.   Prior to the institution of these proceedings in bankruptcy an attachment was placed upon the personal property of the bankrupt, and, pursuant to the provisions of chapter 223 of the General Laws of the commonwealth of Massachusetts, the attaching officer sold the property on mesne process at public auction for the sum of $7,231.25.   He deducted from the proceeds of the sale $544.50 to cover expenses, and in addition a sum covering the ad damnum in the writs which he held, and turned over the balance to a party authorized to receive the same.   Within four months from the date of the attachment this petition in bankruptcy was filed, and the attaching officer has turned over to the trustee all the proceeds in his hands, except the $544.50, which he claims a right to hold as necessary charges incident to the sale.   Upon the petition of the trustee in bankruptcy the referee has ordered the attaching officer to turn over to the trustee $428, allowing the sheriff to retain $116.50, representing actual disbursements made by him.   Both the trustee and the attaching officer have petitioned for review, and the referee has certified for the consideration of this court the question as to the propriety of his order.

Section 87 of chapter 223 of General Laws provides that personal property which has been attached on one or more writs may, if the debtor and all attaching creditors consent in writing, be sold by the attaching officer "in the manner provided by law for selling like property on execution, and the proceeds of sale, after deducting the nec-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

essary charges, shall be held by the officer subject to the attachment and be disposed of as the property would have been held and disposed of had it remained unsold."

Section 92 of the same chapter authorizes the sale of perishable property, the property to be sold and proceeds held as provided in section 87.

[1] The filing of the petition in bankruptcy operated to dissolve the attachment, and the bankruptcy court has jurisdiction in summary proceedings to require the sheriff to turn over to the trustee in bankruptcy so much of the funds as he held subject to the attachment. Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. In the instant case the funds subject to the attachment were the proceeds of the sale in the hands of the sheriff less "the necessary charges." If the sheriff has retained more than enough to cover the necessary charges as contemplated by the statute, the referee has power to order the sheriff to pay over such excess upon the petition of the trustee. So far as the sum retained by the officer represented necessary charges it was not held by the sheriff subject to the attachment, and the officer is entitled to retain it. Pollard, Ex'r, v. Baker, 101 Mass. 261.

[2] The question, therefore, presented is what are the necessary charges. In my opinion the statutes of Massachusetts fix these charges. In section 8, chapter 262, of the General Laws, the fees for the sheriff and his deputies for sale of property on mesne process are fixed. According to the provisions of this section the officer would be entitled to certain statutory fees, and in addition necessary expenses of keeper, labor and advertising, necessary expense of taking and preparing a schedule of property proposed to be sold, and fair and reasonable amount for services as auctioneer. The fees of the appraiser are also fixed by this section. With these provisions in mind, it would be the right and the duty of the referee to ascertain and determine what were the necessary expenses incident to the sale within the meaning of the statute, and also what sum would be a fair and reasonable amount for the officer to receive for services as auctioneer; also to determine whether the amount paid the appraisers was the amount they would be entitled to receive under the statute.

It is clear from the record that the order of the referee requiring the officer to pay over the sum of $428 is erroneous, but it is impossible on the record to determine what amount, if any, he should turn over to the trustee.

The order of the referee, therefore, is reversed, and the matter sent to the referee for further action on the petition of the trustee not inconsistent with this opinion.