## In re ITALIAN IMPORTING CO.

## ROSSI v. ARBER.

(Circuit Court of Appeals, Seventh Circuit. November 10, 1925. Rehearing Denied December 9, 1925.)

### Nos. 3543, 3544.

Bankruptcy ⬤═288(1)—Court held without jurisdiction in summary proceedings to commit defendant for contempt for failure to obey turn-over order.

Bankruptcy court not being in possession or control of moneys paid to defendant by bankrupt corporation six months before petition in bankruptcy, *held*, that it had no jurisdiction in summary proceedings to commit him for contempt for failure to turn over such money as required by order, especially where defendant was contending that such money had been paid out for benefit of corporation before bankruptcy.

Petition to Review and Revise and Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

In the matter of the Italian Importing Company. Petition by Frederick B. Arber, trustee, for turn-over order against Nello Rossi. From an order granting the petition, and an order committing defendant for contempt for failure to obey, defendant petitions to review and revise and appeals. Reversed.

Clarence W. Heyl, of Peoria, Ill., for petitioner and appellant.

Chester F. Barnett, of Peoria, Ill., for respondent and appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This case is here both by petition to review and revise and by appeal to test the correctness of a turn-over order entered April 12, 1924, and an order entered December 18, 1924, committing Rossi for contempt for failure to turn over the money required by the previous order.

The petition for the turn-over order, filed March 27, 1923, by the trustee of bankrupt, shows that the moneys directed to be turned over were had by Rossi from the bankrupt, on checks and otherwise, in July and September, 1921. Other than the presumption, if any, of the continuing possession, it does not appear that Rossi possessed the money later than September of that year.

To the turn-over petition, Rossi filed a motion, asking that he be dismissed because of lack of jurisdiction in the court to enter a summary order. In that motion was a denial that he had possession of any of the property, and an assertion that any funds that had theretofore come to his hands had been paid to creditors prior to the time of the filing of the petition in bankruptcy. After a hearing, the moneys, which in the petition were alleged to have come to the possession of Rossi more than six months before bankruptcy, were made the subject of the turn-over order.

In August, following, a motion was made for a rule upon Rossi to show cause why he should not be attached for contempt for failure to pay over the moneys. To that motion Rossi filed a sworn answer, averring that all of the moneys that came to his hands from the bankrupt had been paid out; that he was a bankrupt, and had no money or property with which to comply with the turn-over order, etc.

As to the items to be turned over, the order found, in part: "Said Nello Rossi has retained possession and control of said proceeds, and has never turned the same, or any part thereof, over to said bankrupt corporation."

As to another part, the finding is: "That no part thereof has ever been returned to the said bankrupt corporation; that ever since the receipt of said sum of $3,000 the said Nello Rossi has been in possession and control of the same."

As to another item, the finding is: "That no part thereof has ever been returned to said bankrupt corporation; that said sum of $550 ever since said time has been in the possession and under the control of the said Nello Rossi."

Other than the presumption of continuing possession, if any, we find no evidence in the record to support any such finding.

The contempt order, after excusing Rossi from the payment of $2,500 of the sum covered by the turn-over order, finds: "The said Nello Rossi now has in his possession *or under his control* the sum of $7,550." (Italics ours.) It may be noted, but we deem it unnecessary to the decision of this matter, that the court wholly rejected the testimony of Rossi as unworthy of belief.

Three reasons are presented for reversal: (a) That the proceeding was a summary one, and, under the circumstances, the court had no jurisdiction to so proceed; (b) that the plaintiff's answer purged him of contempt; (c) that there could be no committal for contempt except upon and after a finding of present ability to pay.

Not within four months, but more than six months, before bankruptcy, the moneys in question were paid by bankrupt to Rossi. The fact that he was president of bankrupt does not seem to have had anything to do with it, unless it may be said that that enabled him to get possession of the money. If Rossi's testimony, as found by the District Court, was unworthy of belief, then there is no explanation in the record as to why or for what purpose the moneys were paid to him; but the fact remains in the record that he was at all times contending that the moneys received by him had been paid out for the benefit of the corporation before bankruptcy.

We are of opinion that there never was, in the bankruptcy court, any possession or control of the moneys, paid to Rossi six months before the petition in bankruptcy and covered by the turn-over order, and that therefore this case is controlled by Taubel,

etc., Co. v. Fox, 264 U. S. 433, 44 S. Ct. 396, 68 L. Ed. 770, and cases there cited. The court did not have jurisdiction to proceed summarily. Inasmuch as this must dispose of the case, the consideration of the other questions becomes unimportant.

The order of the District Court is reversed.