## ARCH RUSSELL v. J. E. RAY

Eastern Section.    October 31, 1925.

Certiorari denied by Supreme Court March 11, 1926.

1. **Replevin.** **Replevin will lie to recover property from officer where property is exempt or has been wrongfully levied upon.**
   The ordinary rule is that a defendant in a suit at law cannot maintain an action of replevin against an officer holding property under attachment or execution, but there is a well-established exception to this rule which is that a defendant may recover his property from an officer holding the same under a writ where the property is exempt or has been wrongfully levied upon.

2. **Bankruptcy.** **Fact that lien acquired within four months does not avoid it.**
   The fact that the lien was acquired within four months does not avoid it. It must appear that at the time the lien was acquired the defendant was insolvent, and no presumption will arise to aid the fact of insolvency at any time prior to the adjudication.

3. **Bankruptcy.** **Discharge in bankruptcy does not cancel debt secured by a lien.**
   While a discharge in bankruptcy releases the debtor from personal liability for the debts proved and frees his after-acquired property from the claims of creditors, it does not divest or in any way affect a valid lien existing on property of the bankrupt, provided first the lien is not stricken down because created within four months of bankruptcy; and second, the property

was not administered in the bankruptcy court where the benefit of the lien was obtained.

**4. Replevin.   Evidence held not to sustain replevin suit.**
    In an action to replevin an automobile from a constable where car had been taken in a prior replevin suit and judgment obtained after the owner of the car had gone into bankruptcy in another state and had a Ford car set off as exemption, held the lien was not destroyed by the proceedings in bankruptcy and the plaintiff not entitled to replevin the automobile.

Appeal in Error from Circuit Court, Carter County; Hon. D. A. Vines, Judge.
    Reversed.
    Allen and Allen, of Elizabethton, for plaintiff in error.
    Miller, Seiler and Hunter, of Elizabethton, for defendant in error.

PORTRUM, J.   This is an action of replevin to recover a Ford automobile attached as the property of J. E. Ray and by virtue of the attachment in the possession of Arch Russell, constable.   The attachment suit was brought before a justice of the peace of Carter county against Ray, a resident of North Carolina, and was instituted by summons and a writ of attachment was issued simultaneously, the process and attachment being served upon Ray while temporarily in Carter county, on the 4th day of July, 1922.
    The plaintiffs in the attachment proceeding was the firm of Williams and Morrell Feed Company and based upon a debt due them from Ray; the case was set for trial on the same day.   Upon application of Ray the case was continued until July the 11th, Ray then returned to North Carolina and upon the 7th day of July filed a voluntary petition in bankruptcy in the Federal district court of that State, and upon the 8th day of July was duly adjudged a bankrupt.   He returned to Tennessee for trial of his attachment case on the 11th, appeared before the justice of the peace, together with the trustee appointed in the bankruptcy proceeding and contested the suit, offering as evidence to defeat the attachment proceeding a paper purporting to be a duplicate copy of an order of adjudication of bankruptcy, and pleading such adjudication as a bar to further proceeding before the justice, and demanded that the automobile be delivered up to him.   This paper was objected to because not authenticated in the manner required by Act of Congress, and was excluded by the justice.   Judgment was then taken in favor of the plaintiffs and against the defendant Ray for the amount sued for, and an order of sale was made directing the constable to sell the automobile in satisfaction of the debt of $431.67. No appeal was taken from this judgment and the automobile was advertised by the constable for sale.
    Ray then by petition secured from the Honorable E. H. Sanford, Judge of the United States district court for the Eastern District of

Tennessee, an order directing the stay of all proceedings in the state courts for a space of thirteen months from the adjudication, or until two weeks after discharge of the bankrupt. Ray and the trustee again called upon the constable to surrender the automobile and were again refused. Ray and the trustee then filed a petition in the district court praying that Russell, the constable, and Williams and Morrell Feed Company be directed to deliver over the automobile. The defendant to this petition moved for dismissal which was granted, the court being of the opinion that the facts as stated in the petition showed no interest in the trustee and the court was without jurisdiction because the property was alleged to be exempt property, and therefore not subject to be administered in the proceeding of bankruptcy. The stay order was dissolved and the petition dismissed. The stay order was entered July 18, 1922. The memorandum opinion directing the dissolution and dismissal of petition was made by Judge Sanford on October 2, 1922. And on the same day, October 2, 1922, Ray instituted this replevin suit and regained by virtue of the proceeding the automobile in question.

On March 19, 1923, certain property of the bankrupt was set apart to him as exempt property, and as appears from the transcript of the proceedings in the bankruptcy court, one Ford automobile, value $150, was designated and set apart to the. bankrupt as exempt property under the laws of his domicile. On May 1, 1923, notice was given of a meeting of the creditors to be held on June 2, when the petition for discharge in bankruptcy would be acted upon, and upon that date an order was passed by the district judge ordering his discharge from all debts which existed on the 7th day of July, 1922, that being the date of the filing of the petition in bankruptcy, excepting only such as are by law nondischargeable.

Upon the trial of the replevin suit, in the circuit court, upon appeal from the justice's court, the plaintiff below, the defendant in error here, introduced the transcript of. the record in the Federal court of North Carolina, establishing his bankruptcy and discharge, and also the transcript of the record of the ancillary proceedings had before Judge Sanford in the district Federal court in Tennessee, predicating his right to recover the car upon the ground, first, that the proceedings in bankruptcy annulled and avoided the levy of the attachment under which the defendant Russell held the property in his official capacity as constable, the attachment having been issued and served within four months of bankruptcy, and therefore his detention of the car was unlawful; second, that the car having been declared exempt property, by virtue of the proceedings in bankruptcy, and the order made March 19, 1923, setting it apart and declaring it to be exempt property, then the property was not

subject to attachment or execution and the plaintiff was entitled to recover it in a replevin proceeding.

The plaintiff in error, defendant below, contends that the adjudication per se, did not annul and avoid the attachment, or the proceedings before the justice, and in any event the proceedings were regular and unappealed from and were binding as an adjudication.

The statements of the contentions as made really form the issues. The assignments of error only amplify the plaintiff in error's contentions, with the exception of the first which is, there is no competent evidence to support the judgment of the court. Under this assignment we believe the legal rights of the parties can be tested and declared.

The issues involved in this suit are not clearly defined in the briefs of counsel, and probably were confused on the trial in the lower court. This has given rise to numerous contentions which have been ably argued, but these contentions, we believe, disappear when the real issues are isolated. The first made by the plaintiff in error is that this is an attempt to review, revise or annul a judgment at law in a collateral proceeding. We believe this to be a misconception so far as the main issue under the replevin suit is concerned; the ordinary rule is that a defendant in a suit at law cannot maintain an action of replevin against an officer holding property under attachment or execution, but there is a well-established exception to this rule which is that a defendant may recover his property from an officer holding the same under a writ where the property is exempt or has been wrongfully levied upon. Wilson v. McQueen, 1 Head, 17; Sauon v. Hall, 4 Lea, 498; Cryer v. Mayfield, 5 App. Cas., 537.

Under the exception, as stated, the defendant in error can maintain a replevin suit to recover the property attached if in fact the property was exempt property, and the question to be determined then is whether or not the plaintiff below, established by any evidence that the property in question is exempt property, at the time of the attachment. If not exempt at the date of the attachment, then it becomes a question of law of what affect the subsequent setting apart of the property as exempt has upon the rights of the parties.

We see no reason why the exception to the general rule as above stated, is not broad enough to authorize the plaintiff to assert his right to possession by replevin if the attachment lien is destroyed or becomes void for any reason subsequent to the levy. His right to assert his defenses in the original suit certainly was impaired and the rights he is attempting to assert were not, nor could not always be an issue in the original suit. It is true that an attempt was made to make an issue in the original suit in controversy; but the trustee in bankruptcy was not a party to that suit and for this reason it is not a formal adjudication.

The two principal questions for determination therefore are: Can J. R. Ray recover the property as exempt property, and second was the attachment lien avoided by reason of the proceedings in bankruptcy, thereby letting in Ray's subsequent rights, growing out of the setting apart of the property as exempt property, assuming the property was not exempt at the date of the levy of the attachment?

The second question will be dealt with first. The attachment was issued and levied upon July the 4th, the petition in bankruptcy was filed on the 7th and the adjudication had on the 8th. The lien was created within four months of the adjudication,—was it avoided and annulled by section 67, subsection (f), Bankruptcy Act, which reads:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt. . . ."

The fact that the lien was acquired within four months does not avoid it. It must appear that at the time the lien was acquired the defendant was insolvent, and no presumption will arise to aid the fact of insolvency at any time prior to the adjudication. There is no proof in this record that Ray was in fact insolvent at the date of the levy of the execution and the fact that the adjudication was made four days after the levy raises no presumption of insolvency at the date of the levy. This section has been recently construed by the Supreme Court of the United States overthrowing a contrary prevailing view entertained and enforced by the majority of the inferior federal courts. The Supreme Court, speaking through Justice Sanford, says:

"It applies only to liens obtained in legal proceedings against a person 'who was insolvent' when the lien was acquired. If the debtor was not insolvent, the lien is not invalidated although it was obtained within four months prior to the filing of the petition in bankruptcy . . .

"To invalidate the lien, the person challenging it must show that the debtor was insolvent when it was obtained. . . . Such insolvency must be both alleged and proved.

. . . . . . . . . . . . . . . .

"And, generally, an adjudication in bankruptcy in no way determines whether or not the debtor was insolvent at the time a lien was obtained through legal proceedings against him;

T. A. Vol. I—41.

there being no presumption arising, from the adjudication that he was insolvent for a period before the petition in bankruptcy was filed.

. . . . . . . . . . . . . . .

"In this case, the sheriff had, before the filing of the petition in bankruptcy, taken exclusive possession and control of the property; and he had retained such possession and control after adjudication and appointment of the trustees. The bankruptcy court, therefore, did not have actual possession of the res. The adverse claim of the judgment creditors was a substantial one. The bankruptcy court, therefore, did not have constructive possession of the res. Neither the judgment creditor nor the sheriff had become a party to the bankruptcy proceedings. There was no consent to the adjudication by the bankruptcy court of the adverse claim. The objection to the adjudication was seasonably made and was insisted upon throughout. The bankruptcy court therefore did not acquire jurisdiction over the controversy in summary proceedings. Nor did it otherwise."

. . . . . . . . . . . . . . .

"A trustee seeking to have declared void, under subdivision F. of section 69, a lien obtained through legal proceedings, may be confronted with an adverse claim upon several grounds. . . . For the statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy. The lien may be void because the debtor was in fact solvent at the time the levy was made. Or, although the debtor was then insolvent, because the property has passed into the hands of a bona fide purchaser. Or, although the debtor was then insolvent and the levy was made within the four months, because inchoate rights by way of lien had been acquired earlier. As the establishment of any one of these facts would bar recovery by the trustee, their assertion present a judicial question." Taubel-Scott-Kittzmiller Co. v. Fox, 264 U. S., 429, 68 L. Ed., 772.

The original plaintiffs, Williams & Morell Feed Company and Arch Russell, the constable, were not parties to the bankruptcy proceeding and made no attempt therein to assert their debt, but relied upon their rights as created in the state courts. Under subdivision F., section 69, supra, it is provided that the property shall pass to the trustee as a part of the estate of the bankrupt. The trustee holds the property adversely to the bankrupt and for the benefit of the creditors. He may avoid the lien by a showing in a proper proceeding that it falls within the terms of the statute. But we have been cited to no authority authorizing a bankrupt to institute a proceeding in any court to avoid the lien for his sole benefit, especially

upon the ground that the property has been set apart to him as exempt property. The authorities seem to be contrary to the contention.

"Proceedings in bankruptcy do not destroy existing liens on the bankrupt's exempt property. On the contrary, such liens attaching before the commencing of the proceedings and whether created by legal proceedings or by the act of the debtor, follow the property into the bankruptcy and are not obliterated or extinguished by the setting apart to him such property as exempt, nor by his discharge in bankruptcy." 1 Black on Bankruptcy, sec. 249.

The state court was not ousted of the jurisdiction in this case for the reason that the lien was not avoided under the bankruptcy law, it not being shown at the date of acquiring the same Ray was insolvent.

"But on the other hand, it is a thoroughly well-established rule as between the Federal and the State courts, that the court which first acquires complete jurisdiction of a controversy shall be allowed to continue in the exercise of that jurisdiction to final judgment without interference by the other court." 1 Black on Bankruptcy, sec. 389.

It is earnestly insisted that if the lien created by the levy be in existence and valid, yet that it must fall for the reason that the discharge in bankruptcy evaporated or cancelled the debt, there being no debt to secure, the lien is a nullity. The effect of the discharge could only be to cancel the remainder of the debt after applying the proceeds derived from the lien and to have any other effect would render the above decisions idle forms. If this were true, no lien debt could be enforced in a State court regardless of it first obtaining jurisdiction, for the filing of a discharge in the proceedings would annul the debt and destroy the lien.

"While a discharge in bankruptcy releases the debtor from personal liability for the debts proved and frees his after acquired property from the claims of creditors, it does not divest or in any way affect a valid lien existing on property of the bankrupt, provided first the lien is not stricken down because created within four months of bankruptcy; and second, the property was not administered in the bankruptcy court where the benefit of the lien was obtained." 2 Black on Bankruptcy, sec. 752.

The contention that the proceeding was an ancillary attachment and no lien was created prior to the adjudication in bankruptcy, and the effect of the adjudication was to arrest the inchoate lien, and it could not be perfected by the proceedings after the adjudication in bankruptcy, cannot be sustained conceding the premises of the con-

tention to be correct, because Ray insists the property in question was exempt property, and the exempt property of the bankrupt is not affected by the adjudication, as heretofore shown. The title to the exempt property does not pass to the trustee. (Black on Bankruptcy, sec. 245.) And, of course, the adjudication does not arrest the perfection of the lien against exempt property.

Judge Sanford, in the proceedings in the Federal court in this State, adjudicated that the bankrupt's exempt property was not subject to administration in the bankruptcy court, that is conclusive. Certainly we will not undertake to review his holding.

We conclude the State court had jurisdiction to finally determine the issues in the attachment lawsuit, that the trustee did not become a party therein and assert his rights to the property by annulling the attachment lien, and having judicially determined the question of whether or not the bankrupt was in fact insolvent at the date of the levy of the attachment, and that the lien must be treated as a valid lien not affected by the bankruptcy statute, and the constable, Russell, was rightfully in possession of the property at the date he was dispossessed by the replevin writ in this case; unless the plaintiff below has shown that the property attached was exempt to him and not subject to attachment at the date of the levy attachment. Under the laws of this State an automobile is not exempt to a head of the family. Exemption laws of North Carolina are not in proof, but it is shown by the proceedings of the Federal court of North Carolina that one Ford car, value $150, was on March 19, 1923, set apart to defendant in error as an exemption. Full faith and credit must be given to the proceedings of a foreign State, but from the proceedings it appears that $500 in value of personal property may be set apart as exempt. And it appears further that one Ford car, in value of $150, was so set apart. There is no schedule of the assets of the bankrupt attached, and there is nothing more than the description above referred to, to identify the car as the one attached and involved in this proceeding. The replevin writ in this case describes the car as ''one touring car 117065, valued at $300.'' The defendant in error voluntarily placed the value on the car described in the replevin writ and also on the car described in the bankruptcy proceeding. The value is not the same and there is nothing appearing from the bankruptcy proceedings by which this court can indentify the car described in that proceeding as being the car described in this proceeding. Defendant in error was the only witness examined in this case. He did not attempt to indentify the car as the car set apart to him in the bankruptcy proceedings, and there is no proof identifying this car as the car set apart to the bankrupt. There are many Ford cars and this court cannot assume the plaintiff in error did not own and was not assigned anoth-

er. It is true that the petition filed in the Federal court in Tennessee averred that the cars were the same, but this petition cannot be looked to as proof in this case. The issue was not adjudicated in that case, but the petition was dismissed upon motion, because if true did not entitle the petitioner to any relief. The plaintiff is always required to make out his case by a preponderance of the evidence proving every material fact, and since there is a total absence of proof identifying the car replevied as the car set apart in the bankruptcy proceedings as exempt property, then there is no evidence to support this verdict.

Counsel for defendant in error makes the following statement in the brief:

"Under our practice, this court will presume that the circuit judge had before him all facts necessary to enable him to render the judgment he did, and among these was the fact of insolvency on July the 4th."

If this were the practice, then an assignment of error that there is no evidence to support the verdict would avail the party nothing. The presumption is the bill of exceptions contains all the evidence, and the plaintiff must make out a case within its four corners.

The judgment of the lower court is reversed and a judgment will be entered in this court as authorized by section 5152 of Shannon's Code, for the value of the car as declared in the writ for $300 and interest thereon from the date of the writ against J. E. Ray principal, and T. J. Ray and M. F. Hopkins, sureties, to be void on condition the property replevied be returned to the defendant within ten days and on failure to return the judgment remain in full force and effect, and in addition thereto the plaintiff in error, Arch Russell, will recover of aforesaid party all the cost of this court and of the court below.

Snodgrass and Thompson, JJ., concur.