# TIBBS v. ZIMMERMAN. No. 1.—171 S. W. (2d) 832.

Eastern Section.   July 8, 1941.

Petition for Certiorari denied by Supreme Court, December 26, 1941.

S. E. Hodges, of Knoxville, for plaintiff in error.

Ely & Ely, of Knoxville, for defendant in error.

McAMIS, J. The primary question to be determined is the right of a judgment debtor to maintain an action of replevin to recover possession of property purchased under conditional sales contract and levied upon under an execution. The Circuit Judge sustained the writ and the judgment creditor has appealed in error to this court.

Referring to the parties according to their status in the Circuit Court, defendant Mrs. Tibbs obtained a judgment before a Justice of the Peace against the plaintiff F. F. Zimmerman. Execution issued and was levied by the sheriff upon an automobile against which there was an outstanding conditional sales contract held by a finance company. One installment remained to be paid under the contract but had not matured at the date of the levy. After the levy Mrs. Tibbs went to the finance company for the purpose of purchasing the contract but found that it had been purchased, at Zimmerman's instance, by one of his friends and endorsed to the friend without recourse. No attempt appears to have been made by Mrs. Tibbs thereafter to tender the amount owing under the contract, though the name of the friend and the amount owing appear to have been known.

Before a sale by the levying officer was held, Zimmerman instituted this action of replevin. The insistence made below and renewed here is that, though Zimmerman was not the owner of the legal title which was outstanding in another, the property levied upon was nevertheless in custodia legis and that Zimmerman could not maintain an action to recover its possession.

It is tacitly conceded that an equitable estate cannot be levied on by execution at law. In any event, such is the well established rule in Tennessee. Childs v. Derrick, 1 Yerg. 79; Planters' Bank v. Henderson, 4 Humph. 75; Evans v. Belmont Land Co., 92 Tenn. 348, 21 S. W. 670; Allen v. Holland, 3 Yerg. 343.

In First National Bank v. Pettit, 9 Heisk. 447, it was intimated that personal property pledged to secure a debt might be levied upon by the judgment creditor discharging the debt for which the property is held. But in Wilkins v. Johnson, Tenn. Ch., 54 S. W. 1001, it was specially held that a levy of an execution on land subject to a mortgage is void on its face, as being a levy on an equitable interest, and all subsequent proceedings based on such a levy are a nullity.

We are not advised of any case recognizing a distinction between a levy upon an equitable interest in land and personal property encumbered for debt, and there seems no plausible reason for such a distinction.

Many states have wisely removed this fictional impediment by statute (11 Ann. Cas. 670) and in a few jurisdictions, consistent with the intimation contained in First National Bank v. Pettit, supra, a judgment creditor of a conditional purchaser of personal property may have the levy sustained by discharging the balance due the conditional vendor. See annotation 61 A. L. R. 786. Thus,

while the common-law rule has been so far modified as to permit the creditor to discharge the encumbrance and have the levy sustained, we do not find a case holding that in the absence of such discharge, and apart from statute, such a levy can be otherwise than wholly void.

While most of our cases, recognizing the right of an execution debtor to replevin property levied upon, involve exempt property, notably Wilson v. McQueen, 1 Head 17, and Harris v. Austell, 2 Baxt. 148, Judge Portrum of this Court broadly states the rule as follows: "The ordinary rule is that a defendant in a suit at law cannot maintain an action of replevin against an officer holding property under attachment or execution, but there is a well-established exception to this rule which is that a defendant may recover his property from an officer holding the same under a writ where the property is exempt *or has been wrongfully levied upon.* Wilson v. McQueen, 1 Head 17; Sherron v. Hall, 4 Lea 498; Cryer v. Mayfield, 5 App. Cas., 537." Russell v. Ray, 1 Tenn. App. 637, 640. (Emphasis ours.)

It is only by virtue of a valid levy of execution that the levying officer acquires the right to hold possession against one otherwise legally entitled to possession. Since the officer does not have any right of continued possession by virtue of a void levy and the conditional seller has no right of possession as against the conditional purchaser until after default, the sole right of possession is in the conditional purchaser who has a right to protect the title to his property from a spurious sale under a void levy. An action of replevin is the most expeditious and inexpensive remedy available and there seems no reason why such an action cannot be maintained until some attempt, at least, is made to discharge

the encumbrance by paying it to the legal holder of the debt. It is not to be expected that property sold under a void levy would bring its full value.

■ We conclude that the levy, being void, was also wrongful and that the execution debtor was properly held entitled to maintain an action of replevin to regain possession of the property and prevent a spurious sale which might have placed a cloud upon his title.

■ It is suggested that plaintiff was guilty of fraud in having his friend purchase the contract from the finance company. The facts are stipulated and it does not appear from the stipulation that the contract was purchased for the fraudulent purpose of defeating the levy.

Finding the assignments without merit, it results that the judgment below must be affirmed with costs. We would be inclined to remand the case to permit defendant to discharge the encumbrance upon the property, but she will be free to pursue that course by making another levy and it is doubtful if any costs would be saved by taxing the accrued costs to defendant and remanding the case.

Portrum and Ailor, JJ., concur.